# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3876

_____

Michael McNamara;  Nancy B.          *
McNamara                             *
                                     *
            Appellants,              *
                                     *
      v.                             *
                                     *
Commissioner of Internal Revenue,    *
                                     *
            Appellee.                *


                                          Appeals from the United States
                                          Tax Court.


_____

No. 99-3891

_____

Vincent E. Bot; Judy Bot,            *
                                     *
            Appellants,              *
                                     *
      v.                             *
                                     *
Commissioner of Internal Revenue,    *
                                     *
            Appellee.                *

_____

No. 99-3968

_____

John P. Hennen; Teresa Hennen,         *
                                      *

               Appellants,         *
                                      *

          v.                  *
                                      *

Commissioner of Internal Revenue,   *
                                      *

              Appellee.     *


_____

Submitted:  September 13, 2000

Filed:  December 29, 2000

_____

Before McMILLIAN, HEANEY, and BOWMAN, Circuit Judges.

_____


HEANEY, Circuit Judge.

These cases are appeals from Tax Court rulings that cash rental income received by taxpayers was includible farm income and therefore constituted earnings from self-employment under I.R.C. § 1402(a)(1).  We reverse and remand.

2

# I.  BACKGROUND

### A. I.R.C. § 1402

In order to fund Social Security benefits for the self-employed, the Internal Revenue Code taxes self-employment income.  Generally, taxable self-employment income excludes sources that do not depend on an individual's labor, including rentals from real estate.  Section 1402(a)(1), however, creates an exception to that exclusion for rents that are

> derived under an arrangement, between the owner or tenant and another individual, which provides that such other individual shall produce agricultural or horticultural commodities . . . on such land, and that there shall be material participation by the owner or tenant . . . in the production or the management of the production of such agricultural or horticultural commodities, and . . . there is material participation by the owner or tenant . . . with respect to any such agricultural or horticultural commodity[.]

Rents falling within § 1402(a)(1)'s exclusion are characterized as includible farm rental income, and considered earnings from self-employment.

### B.  The McNamaras

Michael McNamara began farming in Minnesota in 1977.  He operated the farm as a joint venture with his wife Nancy McNamara until 1992, when he incorporated the farm under the name McNamara Farms.  Mr. McNamara is the sole shareholder, officer, and director.  McNamara Farms operates on approximately 1,250 acres, a portion of which is rented from the McNamaras. During 1993, 1994, and 1995--the tax years at issue--McNamara Farms rented under a written lease 460 acres of land and a house that was owned by the McNamaras.  Pursuant to the lease, in the years 1993,

1994, and 1995, McNamara Farms paid the McNamaras between approximately $45,000 and $57,000.

In February 1992, Mr. McNamara entered into an employment agreement with McNamara farms. The agreement provided that Mr. McNamara was to serve as general manager, responsible for field work and marketing, security of machinery and inventory, management of other employees, and other usual and customary duties associated with agricultural production. In essence, the agreement memorialized the duties Mr. McNamara had performed since he began farming. At the same time, Mrs. McNamara also entered into an employment agreement with McNamara Farms. The agreement provided that Mrs. McNamara would be responsible for bookkeeping, employee meal preparation, field work, assistance with machinery and inventory, and other duties as assigned. Mrs. McNamara's employment agreement also memorialized the duties she had been performing since she began farming with Mr. McNamara.

For each tax year at issue, the McNamaras filed a Form 1040 as married persons filing jointly, identifying their occupations as "farmer" (Mr. McNamara) and "bookkeeper" (Mrs. McNamara). For 1993, 1994, and 1995, they reported on Schedule E (Suppplemental Income and Loss), that they received net rental income between approximately $19,000 and $23,000. Each year, the McNamaras also reported wages of roughly $30,000. Each year, Mr. McNamara reported earnings from McNamara Farms of roughly $28,000, and Mrs. McNamara indicated earnings from McNamara Farms of roughly $2,500.

The Commissioner determined the real estate rental payments the McNamaras received from McNamara Farms were includible in their net earnings from self-employment under § 1402(a)(1), and as a result the McNamaras owed self-employment taxes for 1993, 1994, and 1995. The McNamaras contested the Commissioner's determination in the Tax Court, which ruled in the Commissioner's favor. Looking beyond the terms of the lease to the McNamaras' obligations "within the overall

4

scheme" of their farming operation, the Tax Court determined that "the arrangement between [the McNamaras] and McNamara farms provided, or contemplated, that [the McNamaras] materially participate in the production of agricultural commodities on the farmland." McNamara v. Comm'r, 78 T.C.M. (CCH) 530, 532-33 (1999). Further, the court ruled that both the McNamaras had, pursuant to that scheme, materially participated in agricultural production. The court concluded that the rental income was therefore includible farm rental income subject to taxation as self-employment earnings. See id.

## C. The Bots

Vincent E. and Jody Bot have been farming for thirty-eight years. During the tax years in issue--1993, 1994, and 1995--Mr. Bot owned 160 acres of the farm, and Mrs. Bot owned 240 acres. Mr. Bot rented Mrs. Bot's acreage pursuant to an oral agreement. In 1992, Mrs. Bot entered into an employment agreement with Mr. Bot. The agreement provided that Mrs. Bot was to perform various farm-related tasks, such as assisting with hog production and operating field machinery. The agreement essentially memorialized the tasks Mrs. Bot had performed since she began farming with Mr. Bot.

Like the McNamaras, the Bots filed jointly as a married couple. They reported on Schedule E for each year at issue that Mrs. Bot received net rental income of approximately $18,000. They also reported that Mrs. Bot received wages of roughly $15,000. The Commissioner determined that the rental payments Mrs. Bot received from Mr. Bot were includible as net earnings from self-employment under § 1402(a)(1) and thus subject to self-employment tax. The Bots contested the Commissioner's determination in the Tax Court, which rejected the Bots' arguments in an opinion echoing its ruling against the McNamaras.

5

**D. The Hennens**

John P. and Teresa Hennen have farmed together for thirty-eight years. During 1994, 1995, and 1996--the years at issue--Mr. Hennen operated an 1,100-acre crop and livestock farm in Minnesota as a sole proprietor. Mrs. Hennen owned approximately two hundred of those acres, which she rented to Mr. Hennen under an oral agreement. For each of the years at issue, Mrs. Hennen provided--pursuant to employment agreements with Mr. Hennen--services to the farming operation including bookkeeping, running errands, and help with livestock chores and fieldwork. The employment agreements essentially memorialized the duties Mrs. Hennen had performed since she began farming with Mr. Hennen.

The Hennens also filed jointly as a married couple. They reported on Schedule E for each year at issue that Mrs. Hennen received net rental income of approximately $12,000 to $14,000. They also reported that Mrs. Hennen received wages from Mr. Hennen of roughly $3,000. The Commissioner determined that the rental payments Mrs. Hennen received from Mr. Hennen were includible as net earnings from self-employment under § 1402(a)(1) and thus subject to self-employment tax. The Hennens contested the Commissioner's determination in the Tax Court, which rejected the Hennens' arguments in an opinion echoing its ruling against the McNamaras.

The McNamaras, Bots, and Hennens all appeal.

## II. DISCUSSION

We have jurisdiction pursuant to 26 U.S.C. § 7482 (2000). We review the Tax Court's legal conclusions de novo and its factual determinations for clear error. See Campbell v. Comm'r, 164 F.3d 1140, 1142 (8th Cir. 1999).

6

As an initial matter, we disagree with taxpayers that § 1402(a)(1) applies only to rental payments derived from sharecropping or share-farming. No such restriction appears in the Code, and we are unpersuaded that the legislative history compels an interpretation not apparent from the face of § 1402(a)(1). We also reject taxpayers' contention that the instructions accompanying Form 4835 (Farm Rental Income and Expenses) contradict and therefore override § 1402(a)(1).

Further, we cannot say the Tax Court clearly erred in concluding, as a factual matter, that Mrs. McNamara, Mrs. Bot, and Mrs. Hennen were required--by their respective employment agreements or by more informal "arrangements"--to materially participate in agricultural production and management, and that all three did in fact materially participate in those activities. See Treas. Reg. § 1.1402(a)-4(b) (as amended in 1980).

More promising, however, is taxpayers' argument that the lessor-lessee relationships should stand on their own apart from the employer-employee relationships. To this end, taxpayers insist that the rents in question were consistent with market rates for agricultural land. In fact, the transcripts of each trial contain uncontradicted testimony that the rents were at or slightly below fair market value. (McNamara Supp. App. at 7; Bot Supp. App. at 6-7; Hennen Supp. App. at 4.) The Tax Court's decision, however, contains no factual finding in this regard. Moreover, the Commissioner apparently did not pursue the issue at trial because, as it contended at oral argument, the amount of the rent is irrelevant. We disagree.

What is missing from both the Commissioner's and the Tax Court's analyses is any mention of a nexus between the rents received by Taxpayers and the "arrangement" that requires the landlords' material participation. We believe this omission overlooks § 1402(a)(1)'s requirement that rents be "derived under" such an arrangement. That is to say, the mere existence of an arrangement requiring and resulting in material participation in agricultural production does not automatically transform rents received

7

by the landowner into self-employment income.  It is only where the payment of those rents comprise part of such an arrangement that such rents can be said to derive from the arrangement.

Rents that are consistent with market rates very strongly suggest that the rental arrangement stands on its own as an independent transaction and cannot be said to be part of an "arrangement" for participation in agricultural production.  Although the Commissioner is correct that, unlike other provisions in the Code, § 1402(a)(1) contains no explicit safe-harbor provision for fair market value transactions, we conclude that this is the practical effect of the "derived under" language.

At this point, the only evidence in the record is that the rents in question were at or below market rates.  However, we believe the Commissioner is entitled to an opportunity to show a connection between those rents and the production arrangement it identified.

Accordingly, these matters are remanded to the Tax Court for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.