T.C. Memo. 2004-220


UNITED STATES TAX COURT


CURTIS AND MARY ETTESVOLD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15631-98.        Filed September 28, 2004.


<u>Jon J. Jenson</u>, for petitioners.

<u>Blaine Holiday</u>, for respondent.


MEMORANDUM OPINION

WHALEN, <u>Judge</u>:  This case is before the Court to decide petitioners' motion for an award of reasonable litigation and administrative costs in which they seek attorney's fees and expenses of $5,959.87.

Neither petitioners' motion nor respondent's response thereto requests an evidentiary hearing, and the Court concludes that such a hearing is unnecessary for the disposition of petitioners' motion. See Rule 232(a)(2), Tax Court Rules of Practice and Procedure. We will decide petitioners' motion on the basis of the record in this case, including petitioners' motion, respondent's response, and the various exhibits attached thereto. At the time they filed their petition, petitioners resided at Morris, Minnesota.

## Background

Respondent determined deficiencies in petitioners' self-employment taxes for 1994 of $5,139 and for 1995 of $5,048. Respondent's determination was based upon the contention that certain payments received from petitioners' farming corporation constituted "net earnings from self-employment" pursuant to section 1402(a)(1) of the Internal Revenue Code. Hereinafter, all section references are to that Code unless stated otherwise.

As a general rule, section 1402(a)(1) defines "net earnings from self-employment" to exclude rentals of farm land and personal property, but it sets forth an exception to the general rule if the rental income is derived under an

arrangement that requires the material participation of the
owner or tenant in the production or management of the
agricultural or horticultural commodities on the rented
land.  Section 1402(a)(1) provides that in computing the
income to be included in "net earnings from self-
employment":

> there shall be excluded rentals from real estate
> and from personal property leased with the real
> estate (including such rentals paid in crop
> shares) together with the deductions attributable
> thereto, unless such rentals are received in the
> course of a trade or business as a real estate
> dealer; except that the preceding provisions of
> this paragraph shall not apply to any income
> derived by the owner or tenant of land if (A) such
> income is derived under an arrangement, between
> the owner or tenant and another individual, which
> provides that such other individual shall produce
> agricultural or horticultural commodities
> (including livestock, bees, poultry, and fur-
> bearing animals and wildlife) on such land, and
> that there shall be material participation by the
> owner or tenant (as determined without regard to
> any activities of an agent of such owner or
> tenant) in the production or management of the
> production of such agricultural or horticultural
> commodities, and (B) there is material participa-
> tion by the owner or tenant (as determined without
> regard to any activities of an agent of such owner
> or tenant) with regard to any such agricultural or
> horticultural commodity * * *

Petitioners filed a petition for redetermination of the
deficiencies determined by respondent.  While the case was
pending, petitioners mailed a document purporting to be a

"qualified offer", as defined by section 7430(g), which states: "The taxpayers as their qualified offer agrees [sic] to establish as the taxpayer's [sic] liability (determined without regard to interest) by agreeing to pay to the United States $0." Petitioners mailed the "qualified offer" more than 30 days before the case was called from the trial calendar. See sec. 301.7430-7(c)(7), Proced. & Admin. Regs. When the case was subsequently called from the trial calendar, the parties filed a stipulation of settlement in which they agreed, as

> a basis of settlement * * * that the issue
> relating to the applicability of self-employment
> tax on these rental payments is the same as the
> issue in Johnson v. Commissioner, docket No. 7536-
> 98 (the controlling case) * * * [and] shall be
> resolved as if the petitioners in this case were
> the same as the taxpayers in the controlling case.

In due course, the Court issued its opinion in the controlling case, Johnson v. Commissioner, T.C. Memo. 2004-56, in which we held that the amounts reported by the taxpayers for taxable years 1993, 1994, and 1995 as rents from their wholly owned corporation for the lease of their farmland and personal property are not included in "net earnings from self-employment" under section 1402(a)(1) and are not subject to self-employment tax. In deciding that

case, this Court followed the analysis of the Court of Appeals for the Eighth Circuit, the governing circuit, in McNamara v. Commissioner, 236 F.3d 410 (8th Cir. 2000), revg. and remanding Bot v. Commissioner, T.C. Memo. 1999-256, Henner v. Commissioner, T.C. Memo. 1999-306, and McNamara v. Commissioner, T.C. Memo. 1999-333, and held that there was no nexus between the rental payments at issue and the oral agreement between the taxpayers and their farm corporation under which the taxpayers were to materially participate in the corporation's production of agricultural commodities.

## Discussion

According to petitioners, the decision of this Court in Johnson v. Commissioner, supra, "dictates that Curtis and Mary Ettesvold do not owe the additional self-employment taxes that were assessed against them by the Internal Revenue Service." Accordingly, they contend that they are to be treated as the "prevailing party", pursuant to section 7430(c)(4)(E), on the ground their tax liability is "less than the 'qualified offer' that they offered to the Internal Revenue Service." Petitioners further assert that they had exhausted their administrative remedies available within the Internal Revenue Service, that they had not unreasonably

protracted the instant proceedings, and that they meet the net worth requirement imposed by section 7430(c)(4)(A)(ii).

Respondent concedes that petitioners have substantially prevailed with respect to the most important issue in the case, that they had not unreasonably protracted this proceeding, and that they meet the net worth requirement. Nevertheless, respondent contends that petitioners are not entitled to an award of any fees or costs under section 7430.

Respondent's position is based upon four points. First, respondent contends that, contrary to petitioners' assertion, petitioners did not exhaust their administrative remedies within the Internal Revenue Service as required by section 7430(b)(1). Second, respondent contends that the qualified offer rule, on which petitioners rely, is inapplicable because any judgment in this case will be issued pursuant to a settlement, not pursuant to a judicial determination and, further, because petitioners' tax liability may be more than the amount offered in their qualified offer. Third, respondent contends that the position of the United States was substantially justified, with the result that petitioners are not to be treated as

the prevailing party. Finally, respondent raises a factual question about the fees and costs sought by petitioners.

At the outset, we note that petitioners styled their motion "Motion for Award of Reasonable Litigation and Administrative Costs". In fact, however, the amount sought by petitioners, $5,959.87, consists entirely of attorney's fees and expenses for services in connection with the instant Tax Court proceeding. As the affidavit attached to petitioners' motion makes clear, all of those services were provided after submission of the "qualified offer", which took place approximately 4 years after the filing of petitioners' petition in this Court. Thus, the attorney's fees and expenses which petitioners seek in the instant motion are litigation costs, not administrative costs. See sec. 301.7430-4(c)(3)(ii), Proced. & Admin. Regs.

We agree with respondent's first point. On the basis of our review of this case, we cannot determine that petitioners exhausted the administrative remedies available to them within the Internal Revenue Service, as required by section 7430(b)(1). In such a case, section 7430(b)(1) provides that "A judgment for reasonable litigation costs shall not be awarded under subsection (a) [of section 7430]". See sec. 7430(b)(1). Accordingly, we will deny

petitioners' motion on the basis of the limitation imposed by section 7430(b)(1). We need not, and do not, reach the other issues raised by respondent.

Respondent's response to petitioners' motion points out that a 30-day letter was issued to petitioners. See sec. 601.105(d), Statement of Procedural Rules. A copy of that 30-day letter is attached as an exhibit to respondent's response. The letter pointed out that if petitioners did not agree with the proposed changes in their 1994 and 1995 returns, then they could obtain a conference with the Regional Office of Appeals. The 30-day letter also explained the steps necessary to obtain such an Appeals conference.

Respondent's brief further represents that after issuing the 30-day letter, respondent's agent contacted petitioners' representative. According to respondent's response, petitioners' representative advised the agent that petitioners did not agree to the adjustment, but they would not file a protest. Petitioners' representative recommended that the agent issue a notice of deficiency.

The 30-day letter issued to petitioners proposes increasing their net earnings from self-employment for 1994 and 1995 by the amount of the real estate rental payments

received from their farm corporation in each of those years. These are the same adjustments that respondent determined in the notice of deficiency which is the subject of this case. As set forth in the 30-day letter sent to them, petitioners had the right to appeal the proposed adjustment to the Appeals Office. See sec. 601.106(b), Statement of Procedural Rules. Petitioners chose not to pursue an administrative appeal within the Internal Revenue Service of the adjustments proposed in the 30-day letter.

The regulations promulgated under section 7430 discuss the circumstances in which the administrative remedies available within the Internal Revenue Service shall be deemed to have been exhausted. See sec. 301.7430-1, Proced. & Admin. Regs. Generally, under those regulations a party will not be deemed to have exhausted the administrative remedies with respect to any tax matter for which an Appeals Office conference is available under sections 601.105 and 601.106, Statement of Procedural Rules, unless the party participates in an Appeals Office conference before filing a petition in the Tax Court. See sec. 301.7430-1(b)(1)(i), Proced. & Admin. Regs.

The regulations under section 7430, requiring a party to pursue administrative remedies within the Internal Revenue Service, are subject to various limited exceptions. See sec. 301.7430-1(f), Proced. & Admin. Regs. Petitioners' motion and accompanying brief, however, give us no reason to believe that any such exception is applicable in this case, nor do petitioners' motion and brief suggest that the statutory rule requiring exhaustion of administrative remedies is otherwise unnecessary. The entire discussion of this issue in petitioners' brief is as follows: "The statutory notice of deficiency was issued by the Internal Revenue Service on August 12, 1998. Curtis and Mary Ettesvold pursued all of their administrative remedies."

For the above reasons, we cannot determine, on the basis of the record, that petitioners exhausted their administrative remedies in the Internal Revenue Service. See sec. 301.7430-1(b)(1)(i), Proced. & Admin. Regs. Accordingly, we hold that petitioners are not eligible, pursuant to the limitations of section 7430(b)(1), to be awarded reasonable litigation costs. See Haas & Associates Accountancy Corp. v. Commissioner, 117 T.C. 48 (2001), affd. 55 Fed. Appx. 476 (9th Cir. 2003); Patel v. Commissioner, T.C. Memo. 1998-306.

In accordance with the above,

<u>An appropriate order will</u>

<u>be issued</u>.