Richard **DYKSTRA**; Julia Dykstra, Petitioners–Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent– Appellee.**

No. 00–70011.

United States Court of Appeals, Ninth Circuit.

Submitted July 13, 2001 *
Pasadena, California.

Filed July 25, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard and Julia Dykstra, Pro Se, Escondido, California, for the petitioners-appellants.

Robert L. Baker, United States Department of Justice, Tax Division, for the respondent-appellee.

Before: FARRIS, SILVERMAN and PAEZ, Circuit Judges.

## OPINION

PER CURIAM.

Richard and Julia Dykstra appeal pro se a decision of the Tax Court denying their petition challenging a deficiency of $224 for the 1996 tax year. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review de novo the Tax Court's interpretation of Treasury Regulations, *see Idaho First Nat'l Bank v. Comm'r*, 997 F.2d 1285, 1287 (9th Cir.1993) (per curiam). We affirm.

The Dykstras challenge Treasury Regulation 1.79–3. We have reviewed the enabling statute, 26 U.S.C. § 79(c), the statute's legislative history, H.R. Conf. Rep. No. 88–1149 (1964), *reprinted in* 1964 U.S.C.C.A.N. 1940, 1958–60, and the comments concerning the drafting of the regulation, T.D. 7924, 1984–1 C.B. 23–24. We agree with the Tax Court's determination that the regulation was not arbitrary, capricious, or contrary to the intention of its enabling statute. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843–44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *Redlark v. Comm'r*, 141 F.3d 936, 939–40 (9th Cir.1998).

With respect to the Dykstras' argument that the Tax Court violated their procedural rights in its handling of their case, there is nothing in the record to substantiate their contentions. *See Sacks v. Comm'r*,

82 F.3d 918, 921 (9th Cir.1996); *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir.1986).

**AFFIRMED.**