HAAS & ASSOCIATES, ACCOUNTANCY CORPORATION; Michael A. Haas; Angela M. Haas, Petitioners—Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.

No. 01–71806.

IRS Nos. 16486–98, 16487–98.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 2003.

Decided Jan. 30, 2003.

Before SCHROEDER, Chief Judge, NOONAN and CLIFTON, Circuit Judges.

### MEMORANDUM *

Michael Haas, Angela Haas, and Haas & Associates appeal the order of the United States Tax Court disallowing a $63,500 deduction on the Haas's 1993 joint Federal tax return and denying to the taxpayers the recovery of litigation costs. See T.C. Memo.2000–183 and 117 T.C. No. 5. The court determined that the $63,500 deduction for "transitional" accounting services was not an ordinary and necessary business expense under Section 162(a) of the Internal Revenue Code, as "Haas was an experienced accountant and had good relationships with the clients," so "[t]he credible evidence does not establish the need for any such services." Additionally, the court concluded that Haas was not entitled to litigation costs because he did not exhaust the administrative remedies available to him.

The Tax Court's conclusions of law are reviewed *de novo*. *Dykstra v. Commissioner*, 260 F.3d 1181, 1182 (9th Cir.2001). Its conclusions of fact are reviewed for clear error. *Schachter v. Commissioner*, 255 F.3d 1031, 1033 (9th Cir.2001).

Section 162(a) generally allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." These expenses must be directly connected with the taxpayer's trade or business. 26 C.F.R. Section 1.162–1(a). To qualify for deduction under 162(a), the expense must "necessary," or, "appropriate and helpful for the development of the taxpayer's business." *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 85, 112 S.Ct. 1039, 117 L.Ed.2d 226 (1992) (citations omitted). The expense must also be "ordinary," that is, "of common or frequent occurrence in the type of business involved." *Id.* at 85–6, 112 S.Ct. 1039 (internal quotations omitted). Transitional expenses were not a common or frequent occurrence in Haas's business, and therefore were not ordinary, so the Tax Court appropriately approved the disallowance of this deduction by the IRS.

Section 7430(b)(1) provides that in order to recover litigation costs, a taxpayer must have taken advantage of available administrative remedies. The regulations to this section include within this requirement participation in an Appeals office conference. See 26 C.F.R. Section 301.7430–1(b)(1)(i). It is undisputed that, upon receiving the results of the IRS audit, Haas sent a letter to the agent requesting that the case be closed as unagreed so that Haas could appeal the findings in court. Throughout the proceedings thereafter, IRS agents attempted to schedule an Appeals office conference with Haas, but were unsuccessful in reaching him; when he was reached by phone, he indicated that he wanted to meet with his attorney, since the case would likely go to trial. The Tax Court correctly determined that Haas did not exhaust the administrative remedies available to him, and properly denied his request to recover litigation costs.

AFFIRMED.

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.