T.C. Memo. 2006-142



UNITED STATES TAX COURT



JAMES O. JONDAHL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 13385-02.                    Filed July 5, 2006.



<u>Jon J. Jensen</u>, for petitioner.

<u>Inga C. Plucinski</u>, for respondent.



MEMORANDUM OPINION


GOEKE, <u>Judge</u>:  This matter is before the Court on
petitioner's Motion Requesting For Reasonable Litigation Costs
under section 7430 and Rule 231.[1]  The issue is whether

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended, and all Rule references are
to the Tax Court Rules of Practice and Procedure.

petitioner is entitled to the costs of litigating his Federal tax liability for the years 1990, 1991, 1992, and 1993 after he conveyed a purported qualified offer in a letter to respondent dated April 27, 2004. We hold that the letter of April 27, 2004, was a qualified offer and that petitioner is entitled to his litigation costs paid or incurred after conveying this offer.

### Background

The underlying facts of this case are set forth in detail in Jondahl v. Commissioner, T.C. Memo. 2005-55. We briefly revisit some of the factual and procedural background to rule on the instant motion.

Respondent determined deficiencies in petitioner's 1990, 1991, 1992, and 1993 Federal income taxes of $25,438, $2,883, $9,883, and $35,876, respectively. Respondent also determined fraud penalties under section 6663 for 1990, 1991, 1992, and 1993 of $19,078.50, $2,162.25, $7,412.25, and $26,907, respectively. Respondent sent a notice of deficiency to petitioner on May 22, 2002. On August 20, 2002, petitioner timely filed a petition in this Court challenging respondent's determinations.

On April 27, 2004, petitioner sent respondent a letter indicating his willingness to settle this litigation and purporting to convey a qualified offer under section 7430(g). In part, petitioner wrote:

> The taxpayer, as his qualified offer, agrees to
> establish as the taxpayer's liability (determined

without regard to interest) by agreeing to pay to the United States $12,000 for tax years 1990, 1991, 1992, and 1993, collectively. My calculations assume that the additional liability would be allocated in the following amounts: $5,000 to the 1991 tax year; $1,000 for the 1992 tax year; $1,000 for the 1993 tax year, [sic] and $5,000 to the 1994 tax year. This offer is in addition to the $42,873.24 paid to the United States on or about December 30, 1997 as restitution in the criminal proceedings entitled United States of America v. James Owen Jondahl (D.C. ND; Case No. 3:97-CR-9).

On May 10, 2004, respondent sent petitioner a letter rejecting petitioner's "Qualified Offer dated April 27, 2004." Respondent also indicated a willingness to "discuss settlement on more reasonable terms".[2]

On June 14, 2004, a trial was held and on March 24, 2005, we issued Jondahl v. Commissioner, supra. Petitioner's liability, including the fraud penalty, for the 1990, 1991, 1992, and 1993 tax years computed pursuant to our holding in Jondahl and Rule 155 is $39,178.50. Petitioner now moves for the award of litigation costs in the amount of $17,217.50, based on the qualified offer conveyed in his April 27, 2004, letter.

---

[2]After our decision in Jondahl v. Commissioner, T.C. Memo. 2005-55, petitioner sent respondent a letter requesting litigation costs based on his qualified offer of Apr. 27, 2004. At first, respondent informed petitioner that he was not entitled to litigation costs because "the restitution payment plus the additional $12,000" was less than the amount petitioner owed. Subsequently, in a letter dated Aug. 9, 2005, respondent rejected petitioner's request for litigation costs because petitioner's Apr. 27, 2004, letter was not a qualified offer under sec. 7430(g) and sec. 301.7430-7(c)(3), Proced. & Admin. Regs.

## Discussion

Section 7430(a) authorizes the award of reasonable litigation costs paid or incurred in a court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under the Internal Revenue Code. The taxpayer must establish that he: (1) Is the prevailing party; (2) has exhausted the available administrative remedies; (3) has not unreasonably protracted the court proceedings; and (4) has claimed litigation costs that are reasonable. Sec. 7430(a) and (b)(1), (3). The taxpayer bears the burden of proving that these requirements are met. Rule 232(e). A taxpayer is generally the prevailing party if the taxpayer substantially prevailed with respect to either the amount in controversy or the most significant issue or set of issues. Sec. 7430(c)(4)(A). Under section 7430(c)(4)(B), even if the taxpayer meets the requirements of a prevailing party under section 7430(c)(4)(A), the taxpayer will not be treated as a prevailing party if respondent's position in the proceeding was substantially justified.

Under section 7430(c)(4)(E), a party shall also be treated as the prevailing party if "the liability of the taxpayer pursuant to the judgment in the proceeding (determined without regard to interest) is equal to or less than the liability of the taxpayer which would have been so determined if the United States

had accepted a qualified offer of the party under subsection (g)." The qualified offer provision of section 7430(c)(4)(E) applies without regard to whether respondent's position in the matter is substantially justified. See <u>Haas & Associates Accountancy Corp. v. Commissioner</u>, 117 T.C. 48, 59 (2001), affd. 55 Fed. Appx. 476 (9th Cir. 2003); <u>McGowan v. Commissioner</u>, T.C. Memo. 2005-80.

Respondent concedes that petitioner has exhausted the available administrative remedies, did not unreasonably protract the proceedings, and claims litigation costs that are reasonable. Respondent instead argues that petitioner cannot be considered a prevailing party under section 7430(c)(4)(E) because the offer submitted by petitioner was not a valid qualified offer under section 7430(g). Respondent argues that the offer was not made with respect to all of the adjustments at issue and only those adjustments, did not clearly specify the amount offered, and, if accepted, would not have fully resolved petitioner's liability for the taxable years at issue.[3]

---

[3] Respondent also argues that petitioner's motion should be denied because petitioner did not include an affidavit demonstrating that he met the net worth requirements set forth in the Equal Access to Justice Act, 28 U.S.C. sec. 2412(d)(2)(B) (2000) at the time his petition was filed. Sec. 7430(c)(4)(A)(ii); Rule 231. Petitioner has since filed an affidavit with supporting exhibits that show his net worth was $17,221 at the time his petition was filed. We find that petitioner meets the net worth requirements of sec. 7430(c)(4)(A)(ii).

A qualified offer is defined in section 7430(g)(1) as a written offer which:

> (A) is made by the taxpayer to the United States during the qualified offer period;
>
> (B) specifies the offered amount of the taxpayer's liability (determined without regard to interest);
>
> (C) is designated at the time it is made as a qualified offer for purposes of this section; and
>
> (D) remains open during the period beginning on the date it is made and ending on the earliest of the date the offer is rejected, the date the trial begins, or the 90th day after the date the offer is made.

Section 301.7430-7(c)(3), Proced. & Admin. Regs., provides that a qualified offer "specifies the offered amount if it clearly specifies the amount for the liability of the taxpayer * * * . The offer may be a specific dollar amount of the total liability or a percentage of the adjustments at issue in the proceeding at the time the offer is made." Additionally, "This amount must be with respect to all of the adjustments at issue in the administrative or court proceeding at the time the offer is made and only those adjustments." Id. Finally, the specified amount "must be an amount, the acceptance of which by the United States will fully resolve the taxpayer's liability, and only that liability * * * for the type or types of tax and the taxable year or years at issue in the proceeding." Id.

Respondent argues that petitioner's offer does not clearly specify the offered amount for petitioner's liability because it

fails to add together the amounts petitioner claims were offered in the letter. Respondent argues in the alternative that, to the extent the offer does clearly specify an amount, the amount is only $12,000.

We find petitioner's letter of April 27, 2004, to be clear in its offer to establish petitioner's liability, including fraud penalties, for the 1990, 1991, 1992, and 1993 tax years as $54,873.24. In his letter, petitioner writes "The taxpayer, as his qualified offer, agrees to establish as the taxpayer's liability (determined without regard to interest) by agreeing to pay to the United States $12,000 for the tax years 1990, 1991, 1992 and 1993, collectively." In attempting to allocate this amount in the next sentence, petitioner refers to this $12,000 as "the additional liability". In the very next sentence, petitioner explains that "This offer is in addition to the $42,873.24 paid to the United States on or about December 30, 1997 as restitution in the criminal proceedings entitled United States of America v. James Owen Jondahl (D.C. ND; Case No. 3:97-CR-9)." The suggestion that this offer lacks clarity by virtue of the fact that petitioner did not explicitly perform for respondent the simple calculation of adding the $12,000 to the $42,873.24 is unpersuasive.

Respondent further argues that if petitioner intended his offer to be $54,873.24 then he should have allocated that amount

over the tax years at issue. Instead, according to respondent, petitioner attempted to allocate only the additional $12,000 (which we discuss in greater detail below). The $42,873.24 was paid by petitioner in restitution as part of the resolution of the criminal tax charges for which he was convicted. In the pre-sentence investigation report prepared by the U.S. Department of Probation, upon which petitioner was ordered to pay restitution to the Internal Revenue Service (IRS), petitioner's additional income and resulting Federal income tax liabilities for each of the 1990, 1991, 1992, and 1993 tax years were detailed with specificity.[4] That petitioner did not reproduce the pre-sentence report as part of his offer letter does not make the offer any less clear. We find petitioner's offer to be clear as to the amount offered as petitioner's liability--$54,873.24.

Respondent next argues that petitioner's offer was not valid because it was not with respect to all of the adjustments at issue and only those adjustments as required by section 301.7430-7(c)(3), Proced. & Admin. Regs. Respondent argues because the $42,873.24 was paid in restitution more than 6 years ago pursuant to a criminal judgment entered against petitioner, it was not an adjustment at issue in this case. As discussed above, the

---

[4]The pre-sentence report was specific enough to include additional income such as petitioner's receipt of a stereo in lieu of payment from a client which he then gave to his girlfriend discussed in Jondahl v. Commissioner, T.C. Memo. 2005-55 (slip op. at 40).

$42,873.24 was paid by petitioner in restitution to the IRS as part of the resolution of his criminal case.  A review of the pre-sentence investigation report shows that the amounts for which petitioner was required to pay restitution are the very same adjustments at issue in this case, including, for instance, the commissions relating to petitioner's sale of real estate, payments by Taxman for petitioner's furniture, and the sale of petitioner's crop hail insurance business.  Accordingly, we reject respondent's contention that the $42,873.24 represents an adjustment not at issue.

Finally, respondent argues that petitioner's offer fails because it would not fully resolve petitioner's liability, and only that liability, for the type or types of taxes and the taxable year or years in the proceeding required by section 301.7430-7(c)(3), Proced. & Admin. Regs.  In the offer letter, petitioner's counsel writes of the $12,000 amount that "the additional liability would be allocated in the following amounts: $5,000 to the 1991 tax year; $1,000 for the 1992 tax year; $1,000 for the 1993 tax year, and $5,000 to the 1994 tax year."  The problem with this attempted allocation is that the 1994 tax year was not at issue.  However, looking at this allocation in its context, we find that the inclusion of the 1994 tax year was nothing more than a typographical error of petitioner's counsel. The preceding sentence clearly indicates that the $12,000 was to

establish petitioner's liability for the "tax years 1990, 1991, 1992 and 1993". We do not believe petitioner intended to include the 1994 tax year in attempting to resolve the matter, nor do we find that respondent understood petitioner's offer as attempting to include the 1994 tax year. Thus, we find the inadvertent inclusion of 1994 did little to lessen the import of petitioner's offer to establish his tax liability (determined without regard to interest) for tax years 1990, 1991, 1992, and 1993 by agreeing to pay $12,000 in addition to the $42,873.24 he had already paid in restitution.

Accordingly, we find that the offer conveyed by petitioner meets the requirements of a qualified offer under section 7430(g) and section 301.7430-7(c)(3), Proced. & Admin. Regs. Petitioner offered to establish his liability, including fraud penalties and without regard to interest, for the 1990, 1991, 1992, and 1993 tax years as $54,873.24. Because this amount is greater than the amount of petitioner's liability as determined by this Court in Jondahl v. Commissioner, T.C. Memo. 2005-55 and computed pursuant to Rule 155, petitioner is entitled to his litigation costs of $17,217.50 incurred after communicating his qualified offer on April 27, 2004.

An appropriate order will be issued.