T.C. Summary Opinion 2006-126

UNITED STATES TAX COURT

GARY C. AND MARU E. JOHANSEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6643-05S.            Filed August 10, 2006.

Gary C. and Maru E. Johansen, pro sese.

<u>Gavin L. Greene</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

This matter is before the Court on petitioners' motion for administrative and litigation costs under section 7430 and Rule 231 (motion).

Although petitioners' motion sought an award for both litigation and administrative costs, petitioners do not appear to have any administrative costs. The first time entry on the billing statement submitted by petitioners' certified public accountant (C.P.A.) was "Prepare Tax Court petition". This time entry and the nine time entries that followed were not dated. Based on the descriptions, the Court concludes that these entries represent costs that were incurred in connection with either the preparation or the filing of the petition with the Court. Hence, they are litigation costs. See sec. 7430(c)(1); sec. 301.7430-4(c)(3), Proced. & Admin. Regs. The remaining time entries are also litigation costs, because they were dated after the petition's filing date. Sec. 301.7430-4(c)(3), Proced. & Admin. Regs. Accordingly, the Court will treat petitioners' motion as a motion for the recovery only of litigation costs.

Respondent agrees that petitioners: (1) Have not unreasonably protracted the court proceedings; (2) have claimed a reasonable amount of costs; (3) have substantially prevailed with respect to the amount in controversy and with respect to the most significant issue presented in the court proceedings; and (4) have met the net worth requirements as provided by law.

Respondent does not agree: (1) That petitioners have exhausted their available administrative remedies within the Internal Revenue Service (IRS), and (2) that petitioners are a "prevailing party", because (i) the qualified offer provision does not apply, and (ii) respondent's position in the court proceedings was substantially justified.

The parties have not requested a hearing in this case, and the Court concludes that a hearing is not necessary to decide this motion. See Rule 232(a)(2). Accordingly, the Court rules on the motion based on the parties' submissions and the record in this case.

## Background

At the time the petition in this case was filed, petitioners resided in Los Angeles, California.

For the year in issue, petitioners were self-employed, operating a small consulting business. Petitioners jointly filed a Form 1040, U.S. Individual Income Tax Return, for 2002, which they prepared without the assistance of a professional.

By letter dated August 10, 2004, Tax Compliance Officer Mark Harris (TCO Harris) notified petitioners that their 2002 return had been selected for examination. At the same time, TCO Harris sent to petitioners Form 4564, Information Document Request, to request documentation establishing certain expense deductions that petitioners claimed on their Schedule A, Itemized

Deductions, and on their Schedule C, Profit or Loss From Business.

By letter dated September 14, 2004, respondent sent to petitioners a letter of proposed deficiency (30-day letter), along with an examination report.  The 30-day letter notified petitioners that they had a right to request a conference with an Appeals officer if they did not agree with the changes shown on the examination report.

By letter dated September 27, 2004, TCO Harris informed petitioners that he was reluctant to issue a statutory notice of deficiency without a reply to the proposed changes from petitioners.  He offered petitioners an opportunity to discuss the proposed adjustments in the examination report.  TCO Harris also stated in the letter that he would recommend the issuance of a notice of deficiency if petitioners failed to respond.

By a notice of deficiency dated January 4, 2005, respondent determined for 2002 a deficiency in petitioners' Federal income tax of $14,220 and a section 6662(a) accuracy-related penalty of $2,844.  The notice also asserted computational adjustments for tuition and fees, self-employment adjusted gross income, self-employment deduction, and an additional tax for early withdrawal from an individual retirement account.

In early January of 2005, petitioners retained a C.P.A., Martin A. Kapp (Mr. Kapp), to file a petition with the Court and to assist them in negotiating with respondent.

By letter dated April 1, 2005, Mr. Kapp, on behalf of petitioners, sent to respondent a "qualified offer" pursuant to section 7430(g), in which petitioners offered to settle the 2002 deficiency for $500.

On April 8, 2005, petitioners filed a petition with the Court, challenging respondent's determinations in the notice of deficiency. Shortly thereafter, petitioners received from the Appeals Office a letter dated May 12, 2005, in which an Appeals officer noted that petitioners "did not have the opportunity to present documents, books, records" to support the deductions claimed on their return.

On February 6, 2006, the parties settled all of the disputed tax adjustments, and the terms of the settlement were read into the record by respondent. Petitioners subsequently filed their motion, in which they seek to recover the fees for services performed by Mr. Kapp and his accounting firm. Concurrently with the motion, the parties filed with the Court a stipulation of settled issues that reflects the resolution of petitioners' Federal income tax liabilities for 2002.

## Discussion

### Requirements Under Section 7430

Section 7430(a) authorizes the award of reasonable litigation costs incurred in a court proceeding that is brought by or against the United States in connection with the

determination, collection, or refund of any tax, interest, or penalty under the Internal Revenue Code.

Litigation costs may be awarded only if the taxpayers satisfy all of the requirements set forth in section 7430. Goettee v. Commissioner, 124 T.C. 286, 289 (2005). The taxpayers must establish that they: (1) Are the prevailing party, (2) have exhausted available administrative remedies, (3) have not unreasonably protracted the court proceedings, and (4) have claimed litigation costs that are reasonable. Sec. 7430(a) and (b)(1), (3).

To be a prevailing party, the taxpayer must substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented and must satisfy the applicable net worth requirements under 28 U.S.C. section 2412(d)(2)(B) (2000). Sec. 7430(c)(4)(A). Even if the taxpayer satisfies all of the stated requirements, the taxpayer shall not be treated as a prevailing party if the Commissioner's position in the court proceeding was substantially justified. Sec. 7430(c)(4)(B). The Commissioner has the burden of proving that his position was substantially justified. See sec. 7430(c)(4)(B)(i); Rule 232(e).

Subject to certain limitations, under section 7430(c)(4)(E), a party shall be treated as the prevailing party if "the liability of the taxpayer pursuant to the judgment in the proceeding (determined without regard to interest) is equal to or

less than the liability of the taxpayer which would have been so determined if the United States had accepted a qualified offer of the party under subsection (g)." Sec. 7430(g). The qualified offer provision of section 7430(c)(4)(E) applies without regard to whether the Commissioner's position in the proceeding is substantially justified. See Haas & Associates Accountancy Corp. v. Commissioner, 117 T.C. 48, 59 (2001), affd. 55 Fed. Appx. 476 (9th Cir. 2003); McGowan v. Commissioner, T.C. Memo. 2005-80.

The issues in this case are: (1) Whether petitioners exhausted their available administrative remedies, (2) whether the qualified offer provision applies, and (3) whether respondent's position in the court proceeding was substantially justified.

## Exhaustion of Available Administrative Remedies

Section 7430(b)(1) requires that taxpayers take advantage of all available administrative remedies to be eligible for an award of litigation costs. Haas & Associates Accountancy Corp. v. Commissioner, supra at 57.

Section 301.7430-1(b)(1), Proced. & Admin. Regs., provides:

A party has not exhausted the administrative remedies available within the Internal Revenue Service with respect to any tax matter for which an Appeals office conference is available under §§601.105 and 601.106 of this chapter (other than a tax matter described in paragraph (c) of this section) unless--

(i) The party, prior to filing a petition in the Tax Court * * * participates * * * in an Appeals office conference; or

(ii) If no Appeals office conference is granted, the party, prior to the issuance of a statutory notice in the case of a petition in the Tax Court * * *

(A) Requests an Appeals office conference in accordance with §§601.105 and 601.106 * * *; and

(B) Files a written protest if a written protest is required to obtain an Appeals office conference.

Petitioners do not meet the requirement under section 301.7430-1(b)(1)(i), Proced. & Admin. Regs., because they did not participate in an Appeals Office conference prior to filing a petition.  Petitioners did not expressly advance an argument under section 301.7430-1(b)(1)(ii), Proced. & Admin. Regs. Instead, petitioners argue that they are deemed to have exhausted their available administrative remedies, because they meet the exception under section 301.7430-1(f)(2), Proced. & Admin. Regs. The Court will nevertheless address first the requirements under section 301.7430-1(b)(1)(ii), Proced. & Admin. Regs., for completeness of discussion.

Whether a Written Protest Is Required

Section 601.105(d)(2)(i), Statement of Procedural Rules, provides that a written protest or brief written statement of disputed issues is not required to obtain an Appeals conference in office interview cases and correspondence examination cases. The written requirement applies only in field examination cases. See sec. 601.105(d)(2), Statement of Procedural Rules; see also Images in Motion, Inc. v. Commissioner, T.C. Memo. 2006-19.

For office interview cases and correspondence examination cases, an oral request is sufficient. Sec. 601.106(a)(1)(iii)(a), Statement of Procedural Rules. Since this was an office interview case, petitioners were not required to file a written request or a brief written statement of disputed facts.

### Whether Petitioners Orally Requested an Appeals Office Conference

Petitioners contend that prior to the issuance of the statutory notice, they orally requested an Appeals Office conference, but TCO Harris never returned their calls. TCO Harris, in turn, stated in his affidavit to the Court that, as of October 20, 2004, the only contact that he received from petitioners was a voice mail message on August 30, 2004. TCO Harris also stated that he called petitioners and left them a message requesting that they return his call, but petitioners did not do so.

It is difficult to conclude that petitioners' voice mail message in August was an oral request for an Appeals Office conference, because petitioners were not offered an opportunity for administrative review with the Appeals Office until September 14, 2004, the date of the 30-day letter.

The burden is on petitioners to prove that they have exhausted their available administrative remedies within the IRS. Rule 232(e). Petitioners have not presented any evidence to show

that they made an oral request for an Appeals Office conference prior to the issuance of the notice of deficiency.

### Whether an Exception Applies

Section 301.7430-1(f), Proced. & Admin. Regs., provides certain limited exceptions to the requirement that taxpayers participate in an Appeals Office conference in order to be treated as having exhausted available administrative remedies. Haas & Associates Accountancy Corp. v. Commissioner, supra at 58. Section 301.7430-1(f)(2), Proced. & Admin. Regs, applies only where the taxpayers did not receive a 30-day letter prior to the issuance of the statutory notice.

Petitioners argue that under section 301.7430-1(f)(2), Proced. & Admin. Regs., they are deemed to have exhausted their available administrative remedies, because respondent failed to make an Appeals Office conference available to them before issuing the statutory notice.

Petitioners presented a letter dated May 12, 2005, from respondent's Appeals Office, in which the Appeals officer informed petitioners that "you did not have the opportunity to present documents, books, records, receipts, affidavits, etc to support the deductions, credits, filing status, etc. claimed on your return." Petitioners urge the Court to accept that as evidence that they were not given an opportunity to participate in an Appeals Office conference until shortly after their petition was filed.

Respondent, in turn, contends that petitioners failed to respond to TCO Harris's requests for information in connection with the examination of their 2002 return.  As a result, the IRS sent to petitioners a 30-day letter dated September 14, 2004, notifying petitioners that they should request a conference with an Appeals officer if they did not agree with the proposed adjustments to their return.

Petitioners also rely on Minahan v. Commissioner, 88 T.C. 492, 502-503 (1987), to argue that they fall within the purview of the exception under section 301.7430-1(f)(2), Proced. & Admin. Regs.  In Minahan, however, the taxpayers did not receive a 30-day letter.  Minahan v. Commissioner, supra at 502.  Petitioners do not argue that they did not receive a 30-day letter from respondent.  Regardless of the letter from the Appeals Office dated May 12, 2005, the 30-day letter clearly gave petitioners an opportunity to seek an Appeals Office conference prior to the issuance of the notice of deficiency.  Therefore, the exception under section 301.7430-1(f)(2), Proced. & Admin. Regs., does not apply.

Petitioners' meetings with an Appeals officer, upon receiving the statutory notice and after filing a petition with the Court, does not satisfy the exhaustion of administrative remedies requirement.  See Polyco, Inc. v. Commissioner, 91 T.C.

963, 966 (1988); sec. 301.7430-1(g), <u>Example</u> (<u>11</u>), Proced. &

Admin. Regs.

<u>Qualified Offer</u>

Because the Court has found that petitioners failed to

exhaust their available administrative remedies, the Court need

not decide whether the qualified offer provision under section

7430(c)(4)(E) applies.  The Court nevertheless notes that the

application of the qualified offer provision would have been

precluded by the settlement limitation under section

7430(c)(4)(E)(ii)(I).[1]

Section 7430(c)(4)(E)(ii)(I) provides that the qualified

offer provision does not apply where the parties settle a tax

adjustment rather than litigate and obtain a court determination

of the adjustment.  In this case, the entire tax liability was

settled by the parties before this matter was brought before the

Court.  Therefore, any judgment in this case will be issued

pursuant to a settlement rather than a judicial determination.

---

[1]The statutory language in sec. 7430(c)(4)(E) reflecting the settlement limitation to the qualified offer provision, in relevant part, provides:

(ii) Exceptions.--This subparagraph shall not apply to--

(I) any judgment issued pursuant to a settlement * * *

The Court need not and does not reach the issue of whether respondent's position in the proceeding was substantially justified.

## Conclusion

Petitioners are not entitled to litigation costs because they have not exhausted their available administrative remedies within the IRS, as required by section 7430(b)(1).  Accordingly, petitioners' motion for litigation costs is denied.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered.</u>