T.C. Memo. 2008-248

UNITED STATES TAX COURT

WILLIAM AND LISA BRUNSELL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11763-06.          Filed November 3, 2008.

<u>Jeffrey D. Moffatt</u>, for petitioners.

<u>Scott B. Burkholder</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This case is before the Court on petitioners' motion for litigation costs including attorney's fees pursuant to section 7430[1] and Rule 231.

_____

[1]All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

We are asked to decide whether petitioners are entitled to recover litigation costs.  We hold that they are not.

## Background

Petitioners reside in California.  Respondent issued petitioners a Letter 566-B EZ (30-day letter), notifying petitioners that respondent was examining their income tax return for 2004, specifically with respect to the claimed dependency exemptions and child tax credit.[2]  The 30-day letter requested documentation to support petitioners' claiming exemptions and credits for three children listed on the return for 2004 and informed petitioners that respondent would issue a deficiency notice if petitioners failed to provide the necessary documentation.

Petitioners timely submitted additional documentation, including school records for the children showing the children's address as petitioners' address, the entry of judgment finalizing petitioner wife's divorce from her ex-husband, and the marital settlement agreement giving sole physical custody of the three children to petitioner wife.

Respondent mailed petitioners a Letter 692 on March 6, 2006, stating that even though respondent had received petitioners' earlier mailing, petitioners still needed to provide additional

_____

[2]Petitioners still mistakenly believe that respondent's deficiency notice denied the earned income credit (EIC). Petitioners did not seek the EIC for 2004.

information to claim the three dependency exemptions and the child tax credit. Respondent gave petitioners 15 days to submit this additional information. The letter also advised petitioners that they could appeal the proposed changes to the Appeals Office and included a copy of Publication 3498-A, The Examination Process, which explained how to appeal respondent's proposed determination.

Petitioners neither provided more information within the 15-day period nor made an appeal or protest to the Appeals Office. Respondent issued a deficiency notice on April 17, 2006, disallowing the three dependency exemptions and the child tax credit. Petitioners did not request an Appeals Office conference or file a protest before the deficiency notice was mailed, nor did they participate in an Appeals Office conference before filing the petition with this Court.

Respondent conceded, after petitioners filed the petition with this Court, that petitioners owed no deficiency. Petitioners filed a motion for reasonable litigation costs seeking $4,916 in fees paid to their attorney, $60 in court costs, and an additional $10,084 in fees that they have not yet paid their attorney but which they seek from the Court.[3]

---

[3]Petitioners did not file an additional affidavit containing detailed information regarding fee arrangements, hours spent, etc., as required by Rule 232(d).

Respondent objects to this motion. Neither party requested a hearing.

## Discussion

We now address whether petitioners may recover any of the $15,060 in litigation costs. The prevailing party may be awarded reasonable litigation costs in any court proceeding by or against the United States. Sec. 7430(a)(2). If the Government establishes that its position was substantially justified, the moving party will not be treated as having prevailed. Sec. 7430(c)(4)(B). A prevailing party must establish, to obtain such an award, that (1) the party has exhausted the administrative remedies available; (2) the party has substantially prevailed in the controversy; (3) the party satisfies certain net worth requirements; (4) the party has not unreasonably protracted the proceedings; and (5) the amount of costs is reasonable.[4] Sec. 7430(b) and (c). The requirements of section 7430 are conjunctive, and the failure to satisfy any one of the requirements precludes an award of costs. See sec. 7430(b) and (c); see also Rule 232(e); Swanagan v. Commissioner, T.C. Memo. 2000-294.

---

[4]Respondent contends that petitioners' evidence of the costs they incurred is inadequate to satisfy this requirement. It is not necessary, however, to reach this issue because petitioners do not satisfy the threshold requirement of exhausting their administrative remedies.

A threshold requirement exists for the recovery of litigations costs.  The taxpayer must have exhausted the available administrative remedies before filing a petition.  Sec. 7430(b)(1); Burke v. Commissioner, T.C. Memo. 1997-127; sec. 301.7430-1(a), Proced. & Admin. Regs.  A taxpayer exhausts his or her administrative remedies where an Appeals Office conference is available only if the taxpayer participated in such a conference before filing a petition.  Burke v. Commissioner, supra; sec. 301.7430-1(b)(1), (g), Example (11), Proced. & Admin. Regs. Petitioners did not request an Appeals Office conference or file a protest before the deficiency notice was mailed, nor did they participate in an Appeals Office conference before filing the petition with this Court.  None of the limited exceptions applies to relieve petitioners of the requirement that they participate in an Appeals Office conference to be treated as having exhausted available administrative remedies.  See Shaw v. Commissioner, T.C. Memo. 2005-106.

The Appeals Office's mission "is to resolve tax controversies, without litigation."  4 Administration, Internal Revenue Manual (CCH), pt. 8.1.1.1(1), at 27,003 (Oct. 23, 2007). The Internal Revenue Service is seeking facts during the Appeals phase to decide whether it should determine a deficiency and thereby force a taxpayer to incur litigation costs or pay the tax.  See, e.g., Shaw v. Commissioner, supra.  This Court has

previously warned taxpayers and their counsel that waiving the opportunity for an Appeals Office conference does not comply with the exhaustion-of-administrative-remedies requirement or preserve a right to recover litigation costs. Haas & Associates Accountancy Corp. v. Commissioner, 117 T.C. 48, 62 (2001), affd. 55 Fed. Appx. 476 (9th Cir. 2003). This Court seeks to preserve the role that the administrative appeal process plays in resolving tax disputes by requiring taxpayers to participate in an Appeals Office conference before litigation. See Burke v. Commissioner, supra (citing H. Rept. 97-404, at 13 (1981) and Senate Comm. on Finance, Technical Explanation of Committee Amendment, 127 Cong. Rec. 32070 (Dec. 16, 1981)).

We have considered all the arguments of the parties, and, to the extent we have not addressed them, we find them to be irrelevant, moot, or meritless. We hold that petitioners did not exhaust their administrative remedies by participating in an Appeals Office conference, and, therefore, petitioners are not entitled to an award of litigation costs. Accordingly, we need not, nor do we, address whether petitioners satisfied any of the remaining requirements of section 7430.

To reflect the foregoing,

An order will be issued denying petitioners' motion for litigation costs, and decision will be entered for petitioners.