**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

BARBARA JANE KNUDSEN,
                    *Petitioner-Appellant*,

v.

COMMISSIONER OF INTERNAL
REVENUE,
                    *Respondent-Appellee*.

No. 13-72077

Tax Court No.
18048-09

OPINION

Appeal from the United States Tax Court
Michael B. Thornton, Judge, Presiding

Argued and Submitted
May 4, 2015—Portland, Oregon

Filed July 15, 2015

Before: William A. Fletcher and Andrew D. Hurwitz,
Circuit Judges, and Donald E. Walter, Senior District
Judge.[*]

Opinion by Judge Walter

---

[*] The Honorable Donald E. Walter, Senior United States District Judge for Western Louisiana, sitting by designation.

**SUMMARY**[**]

**Tax**

The panel held that a unilateral concession by the Internal Revenue Service is not a settlement for purposes of the Qualified Offer Rule, reversed a Tax Court decision denying attorneys' fees and litigation costs, and remanded for determination of such costs and fees to be awarded to taxpayer as a prevailing party for purposes of 26 U.S.C. § 7430.

Taxpayer made a qualified offer to settle her petition for judicial review of the IRS's denial of innocent spouse relief. The IRS allowed the offer to expire, but later conceded taxpayer's entitlement to such relief. The panel explained that, given that the purpose of the Qualified Offer Rule is to encourage settlements by imposing litigation costs on the party not willing to settle and that the IRS was unwilling to settle this case on the terms and at the times offered by taxpayer, the IRS cannot subsequently sidestep the consequences of such refusal by conceding the issues after taxpayer had effectively presented her case for disposition by the Tax Court. Accordingly, the panel held that the concession was not a settlement within the meaning of § 7430(c)(4)(E)(ii)(I), and taxpayer was a prevailing party entitled to litigation costs.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Denis M. Vannier (argued), Deputy City Attorney, City Attorney's Office, Portland, Oregon; Jan R. Pierce, Supervisory Attorney, Lewis & Clark Low Income Tax Payer Clinic, Portland, Oregon, for Petitioner-Appellant.

Carol Barthel (argued) and Joan I. Oppenheimer, United States Department of Justice, Tax Division, Washington, D.C., for Respondent-Appellee.

**OPINION**

WALTER, District Judge:

In this case, we are asked to decide whether a unilateral concession by the Internal Revenue Service ("IRS") is a settlement, for purposes of the Qualified Offer Rule ("QOR") of the Internal Revenue Code, codified at 26 U.S.C. § 7430(c)(4)(E). We conclude that this concession was not a settlement, within the meaning of the QOR. Accordingly, we reverse the decision of the United States Tax Court and remand the case for a determination of reasonable attorney's fees and costs to be awarded to the taxpayer, as the prevailing party.

## I.   FACTUAL AND PROCEDURAL HISTORY

The relevant facts are not in dispute. Barbara Jane Knudsen and Kurt H. Knudsen married in 1979, separated in 2006, and divorced in 2008. During the years 1998–2001, the Knudsens filed joint tax returns. Barbara was a "stay-at-home mom," earning no income of her own, and Kurt was a

practicing attorney. Despite their having filed joint tax returns for those four years, the taxes were never paid, and the Knudsens became jointly and severally liable for the respective tax liabilities.

In June 2005, the IRS sent the Knudsens separate notices of intent to levy with respect to underpayments of the taxes reported for those four years. On December 23, 2008, post-divorce, Barbara (hereinafter, "Knudsen") filed a Form 8857, Request for Innocent Spouse Relief, seeking equitable relief, under 26 U.S.C. § 6015(f), from joint and several liability as to all tax liabilities for the years 1998–2001. On May 14, 2009, Knudsen was denied innocent spouse relief because the two-year statute of limitations, as set forth in Treasury Regulation § 1.6015-5(b)(1), had expired.

On July 28, 2009, Knudsen filed a *pro se* petition with the Tax Court, seeking review of the denial. Kurt Knudsen intervened. The IRS answered Knudsen's petition and forwarded the matter to the IRS Cincinnati Centralized Innocent Spouse Operation ("CCISO") to consider the merits of Knudsen's claim for equitable relief. After the CCISO denied Knudsen's claim on its merits, Knudsen submitted additional documentation in support of her request for relief, which was returned to the CCISO for reconsideration, and again denied on the merits.

On April 21, 2010, Knudsen made a "qualified offer," pursuant to 26 U.S.C. § 7430(g), to settle her tax liability for $50 per year, for each of the four years at issue. The IRS did not respond to the offer, which expired after ninety days, by operation of law. The case was set for trial on the Tax Court's calendar for March 14, 2011; the parties proceeded with discovery, and both Knudsen and the IRS submitted pretrial

memoranda. Prior to the scheduled trial date, the IRS notified Knudsen's counsel that it would concede her entitlement to innocent spouse relief but for her failure to comply with the two-year statute of limitations in Treas. Reg. § 1.6015-5(b)(1). In March 2011, the parties filed a joint motion for leave to submit the case on a stipulated record, for the Tax Court to determine whether Knudsen's claim for equitable relief was time-barred. The Tax Court granted the motion to submit the fully stipulated case and ordered opening briefs to be filed by August 30, 2011.

On July 25, 2011, in Chief Counsel Notice CC-2011-017, the IRS announced that the Department of the Treasury would enlarge the two-year deadline under Treas. Reg. § 1.6015-5(b)(1) "in the interest of tax administration and . . . not reflective of any doubt concerning the authority of the Service to impose the two year deadline" and that the two-year deadline would not be enforced in cases then pending in the Tax Court. That same day, the IRS informed Knudsen that it would concede that relief was not time-barred in this case.

On August 24, 2011, the IRS sent the Knudsens a proposed supplemental stipulation of settled issues, stating that Barbara Knudsen was entitled to the requested equitable relief and that a judgment would be issued by the court pursuant to a settlement. In anticipation of filing a motion for litigation costs, Knudsen was unwilling to stipulate that the judgment resulted from a settlement. During an August 29, 2011 conference call with the Tax Court, the IRS informed the court that the IRS conceded the statute of limitations issue, in accordance with the July 25, 2011 policy directive. The next day, the court ordered the parties to file a supplemental stipulation of settled issues. Instead, the IRS filed a status report on September 29, 2011, indicating that

the parties could not agree to a supplemental stipulation, but confirming Knudsen's entitlement to equitable relief.

One day prior, on September 28, Knudsen had moved for litigation costs as the prevailing party, pursuant to section 7430(a), in light of having made a qualified offer, pursuant to section 7430(g). Knudsen requested attorneys' fees and costs in the amount of $39,813, representing amounts incurred after the qualified offer was made. The IRS opposed the motion, arguing: (a) that Knudsen was not a prevailing party under section 7430(c)(4)(E), because the judgment would be issued pursuant to a settlement, disqualifying the case from the QOR; (b) in the alternative, that Knudsen was not a prevailing party under section 7430(c)(4) because the IRS's position was substantially justified; and (c) that Knudsen had failed to substantiate her claim for reasonable litigation costs.

On April 1, 2013, the Tax Court issued a memorandum opinion denying litigation costs, including attorney's fees, and specifically holding that a concession by the IRS was a settlement of the case for purposes of the QOR. On April 3, 2013, the Tax Court issued its final order and decision, granting Knudsen relief under section 6015(f) from joint and several income tax liabilities for the taxable years 1998, 1999, 2000, and 2001, and denying Knudsen's motion for attorney's fees and litigation costs.

## II.  STANDARD OF REVIEW

"Although a presumption exists that the Tax Court correctly applied the law, no special deference is given to the Tax Court's decisions." *Custom Chrome, Inc. v. CIR*, 217 F.3d 1117, 1121 (9th Cir. 2000) (citing *AMERCO, Inc. v. CIR*, 979 F.2d 162, 164 (9th Cir. 1992)). Determining the

existence of a contract, or a settlement, is a mixed question of law and fact. *United States for Use of Youngstown Welding & Eng'g Co. v. Travelers Indem. Co.*, 802 F.2d 1164, 1169 (9th Cir. 1986). We review the Tax Court's conclusions of law, including its interpretations of the Internal Revenue Code, *de novo*. *Adkison v. CIR*, 592 F.3d 1050, 1052 (9th Cir. 2010) (citing *Suzy's Zoo v. CIR*, 273 F.3d 875, 878 (9th Cir. 2001)). We review questions of fact for clear error. *Custom Chrome*, 217 F.3d at 1121 (citing *Boyd Gaming Corp. v. CIR*, 177 F.3d 1096, 1098 (9th Cir. 1999).

## III.   DISCUSSION

The IRS and Knudsen agree that 26 U.S.C. § 7430 is the provision under which Knudsen must bring her request for litigation costs, including attorney's fees; however, the parties disagree as to whether section 7430 grants Knudsen "prevailing party" status, in light of the IRS concession in this case. Section 7430(a) provides that the prevailing party "[i]n any administrative or court proceeding which is brought by or against the United States in connection with . . . [tax liability] . . . may be awarded . . . reasonable litigation costs incurred in connection with such court proceeding," including attorney's fees.[1] "The term 'prevailing party' means any party . . . which (I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or set of issues presented . . . ." 26 U.S.C. § 7430(c)(4)(A)(i).

---

[1] In order to recover attorney's fees, a party must also exhaust administrative remedies and must not have unreasonably protracted the proceedings. *See* 26 U.S.C. § 7430(b)(1) and (3). Here, the IRS concedes these requirements.

There is an exception "if the United States establishes that . . . [its position] . . . in the proceeding was substantially justified." 26 U.S.C. § 7430(c)(4)(B)(i). However, Knudsen is not claiming that she is the prevailing party under the general provisions of section 7430, such that the substantial justification of the IRS's position might be a defense. Instead, Knudsen claims that she is the prevailing party under the QOR, which applies regardless of whether the IRS's position in the proceeding is substantially justified. *See Haas & Assoc. Accountancy Corp. v. CIR*, 117 T.C. 48, 59 (2001) ("In 1998, Congress provided under the qualified offer rule of sections 7430(c)(4)(E) and (g) that a taxpayer may be deemed to qualify as a prevailing party under section 7430(a) and (c)(4) regardless of whether the taxpayer substantially prevailed in the proceeding or of whether the position of respondent in the proceeding was substantially justified." (citation omitted)), *aff'd*, 55 Fed. App'x 476 (9th Cir. 2003).

Under 26 U.S.C. § 7430(c)(4)(E)(i), a party "shall be treated as the prevailing party if the liability of the taxpayer . . . is equal to or less than the liability of the taxpayer which would have been so determined if the United States had accepted a qualified offer of the party under subsection (g)." Section 7430(g)(1) defines "qualified offer" to mean

> a written offer which – (A) is made by the taxpayer to the United States during the qualified offer period; (B) specifies the offered amount of the taxpayer's liability (determined without regard to interest); (C) is designated at the time it is made as a qualified offer for purposes of this section; and (D) remains open during the period beginning on the date it is made and ending on the

> earliest of the date the offer is rejected, the
> date the trial begins, or the 90th day after the
> date the offer is made.

However, by statute, the QOR "shall not apply to . . . any judgment issued pursuant to a settlement[.]" 26 U.S.C. § 7430(c)(4)(E)(ii)(I). Accordingly, in this case, we are asked to determine whether the IRS's unilateral concession is considered a settlement within the meaning of section 7430(c)(4)(E)(ii)(I). We conclude that it is not and that Knudsen, therefore, is the prevailing party, entitled to reasonable costs and fees, pursuant to section 7430.

As the Tax Court stated:

> A settlement is a contract and, consequently,
> general principles of contract law determine
> whether a settlement has been reached. A
> contract requires an objective manifestation of
> mutual assent to its essential terms, and
> mutual assent is typically established through
> an offer and an acceptance.

*Knudsen v. CIR*, 105 T.C.M. (CCH) 1538, at *5 (2013) (internal citations and quotation marks omitted). "The parties to a contract need not manifest their mutual assent explicitly but may do so implicitly through their actions or inactions as viewed in the light of the surrounding facts and circumstances." *Id*. (citing *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1109 (9th Cir. 2002), and *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 49 (9th Cir. 1988)); *see, e.g.*, *Trzeciak v. CIR*, 103 T.C.M. (CCH) 1448, at *17 (2012) (finding a concession to be a settlement where the parties later executed a stipulation of settlement). Applying those

principles to the facts of this case, the Tax Court concluded that the IRS's concession was an offer to settle this case by granting Knudsen's requested relief, and Knudsen accepted, or assented to, this offer on the basis of the tendered terms. *Knudsen*, 105 T.C.M. 1538, at *5. We disagree.

A settlement is a contract, and its enforceability is governed by familiar principles of contract law. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). The formation of a contract generally requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration. *See* Restatement (Second) of Contracts § 17(1) (1981). Here, there was no exchange, and it is undisputed that there were no negotiations regarding settlement. Instead, Knudsen made a qualified offer to settle her tax liability for $50 per year for each of the four years at issue, which expired after ninety days when the IRS failed to respond. *See* 26 U.S.C. § 7430(g)(1)(D). Much later, and only after the case had been submitted to the Tax Court fully stipulated, did the IRS unilaterally concede the case. Even then, the parties never entered into a supplemental stipulation of settled issues, despite the fact that Knudsen had then succeeded on both the merits and the timeliness of her claim for equitable relief.

Knudsen's position is most similar to that of the taxpayer in *Estate of Lippitz v. CIR*, 94 T.C.M. (CCH) 330 (2007). In *Lippitz*, the IRS denied the taxpayer's right to section 6015 innocent spouse relief, despite the CCISO having previously determined the taxpayer's entitlement thereto. After the IRS refused the taxpayer's qualified offer, the taxpayer moved for partial summary judgment, prompting the IRS to concede that the taxpayer was entitled to the requested relief. The *Lippitz* court held that the IRS's concession was not a "settlement" under section 7430. Because the IRS waited to concede the

case until after the taxpayer had actively litigated to the point of filing a dispositive motion, the *Lippitz* court found this akin to a concession after trial. The court explained that it did "not believe Congress intended to grant [the IRS] the latitude to wait until just before the resolution of a dispositive motion, or the end of a trial to concede a matter and still benefit from the settlement exclusion of section 7430(c)(4)(E)." 94 T.C.M. 330, at *8. As was the case in *Lippitz*, the IRS was unwilling to settle this case on the terms and at the times offered by Knudsen, and the IRS "cannot sidestep the consequences of such refusal by conceding the issues after [Knudsen] had effectively presented the case for disposition by the Court." *Id*.

The purpose of the QOR "is to encourage settlements by imposing litigation costs on the party not willing to settle." *Gladden v. CIR*, 120 T.C. 446, 450 (2003); *see also Vasquez v. CIR*, 93 T.C.M. (CCH) 660, at *17 (2007), *aff'd*, 284 F. App'x 381 (9th Cir. 2008). Here, Knudsen made a qualified offer, to settle her tax liability for $50 per year for each of the four years at issue, for a total of $200. The offer further stated that the "amount reflects the fact that [Knudsen] earned no income, had no obligation to file a return, and had no personal tax liability during those years." The IRS's concession that Knudsen was entitled to full relief and owed no tax liability is not a settlement within the meaning of 26 U.S.C. § 7430(c)(4)(E)(ii)(I). Accordingly, we reverse the decision of the Tax Court and find that Knudsen is a prevailing party for purposes of section 7430. This matter is remanded to the Tax Court for a determination of reasonable litigation costs, including attorney's fees.

**REVERSED AND REMANDED.**