146 T.C. No. 14

UNITED STATES TAX COURT

BRYAN S. ALTERMAN TRUST U/A/D MAY 9, 2000, BRYAN S.
ALTERMAN, TRUSTEE, TRANSFEREE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6940-10.                          Filed May 2, 2016.

In Alterman Trust v. Commissioner, T.C. Memo. 2015-231, we held that R failed to meet his burden of proof to establish that P was liable under I.R.C. sec. 6901 as a transferee for Alterman Corp.'s 2003 income tax liability. P, a trust whose case was consolidated with other cases for purposes of that opinion, has moved for an award of administrative and litigation costs under I.R.C. sec. 7430. Generally, individual taxpayers seeking costs must have a net worth of $2 million or less at the time the civil action was filed, as required by 28 U.S.C. sec. 2412(d)(2)(B). I.R.C. sec. 7430(c)(4)(A)(ii). For a trust, that limit applies as of the last day of the taxable year involved in the proceeding. I.R.C. sec. 7430(c)(4)(D)(i)(II). For this transferee liability case, P argues that its net worth should be determined in either 2009 or 2010, as of the date R issued the notice of liability or the date it filed its petition, respectively. The notice of liability states that the taxable year involved in the proceeding ended Dec. 31, 2003. P concedes that its net worth exceeded $2 million as of the close of 2003.

      Held: When applying the net worth requirement of 28 U.S.C. sec. 2412(d)(2)(B), I.R.C. sec. 7430(c)(4)(D)(i)(II) modifies the general rule and requires that a trust's net worth "shall be determined as of the last day of the taxable year involved in the proceeding."

      Held, further, the last day of the taxable year involved in the proceeding is Dec. 31, 2003, as stated in the notice of liability.

      Held, further, because P's net worth exceeded $2 million as of Dec. 31, 2003, it has not met the requirements under I.R.C. sec. 7430, and its motion for an award of administrative and litigation costs will be denied.

Jenny L. Johnson and Guinevere M. Moore, for petitioner.

David B. Flassing and Angela B. Reynolds, for respondent.

OPINION

      BUCH, Judge: Petitioner has moved for an award of administrative and litigation costs, claiming it is entitled to this award because it was the prevailing party under section 7430.[1] Because petitioner does not meet the special net worth requirement for a trust, it is not entitled to recover costs.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the relevant times.

## Background

On December 1, 2015, we issued Alterman Trust v. Commissioner, T.C. Memo. 2015-231, and held that petitioner was not liable as a transferee of Alterman Corp. for Alterman Corp.'s 2003 income tax liability. Petitioner filed a motion for award of reasonable administrative and litigation fees and costs on December 30, 2015, pursuant to section 7430. Because petitioner did not address the special rule for the net worth requirement for a trust found at section 7430(c)(4)(D)(i)(II), we ordered it to supplement or withdraw its motion. That rule provides that the net worth of a trust is determined as of the last day of the taxable year involved in the proceeding for the purpose of determining whether the trust meets the net worth limits to be eligible for fees and costs. Petitioner filed a supplement to its motion arguing that there is no taxable year involved in this transferee liability case. The Court ordered the Commissioner to respond to petitioner's motion as supplemented, which he did. Petitioner filed a reply stating, among other things: "Petitioner has subsequently determined that in the year 2003 its net worth was greater than $2 million."

## Discussion

The sole issue we must decide is whether petitioner is entitled to administrative and litigation costs under section 7430.

I.     Section 7430 Generally

To recover administrative and litigation costs under section 7430(a), a taxpayer must establish that it:  (1) is the prevailing party; (2) has exhausted the available administrative remedies; (3) has not unreasonably protracted the proceedings; and (4) has claimed reasonable costs.  Sec. 7430(a), (b)(1), (2), (3), (c)(4).  The Commissioner concedes that petitioner has satisfied the second and third requirements but contends that it was not the prevailing party and that the costs are not reasonable.

II.    Failure To Satisfy the Net Worth Requirement

Taxpayers can prove that they are the prevailing party in two ways:  (1) by establishing that they substantially prevailed or (2) by establishing that they made a qualified offer and that the Court's judgment was equal to or less than that offer. Sec. 7430(c)(4)(A), (E), (g); Haas & Assocs. Accountancy Corp. v. Commissioner, 117 T.C. 48, 59 (2001), aff'd, 55 F. App'x 476 (9th Cir. 2003).  In either situation, however, they must establish that they meet the applicable net worth requirements. A taxpayer who does not meet the net worth requirements cannot be considered a prevailing party for purposes of section 7430.  Sec. 7430(c)(4)(A)(ii).

Generally, taxpayers seeking costs and fees under section 7430 must meet the net worth requirements found in 28 U.S.C. sec. 2412(d)(2)(B) as of the

appropriate date. Individuals, for example, must have a net worth not in excess of $2 million at the time the petition is filed. Id. The Code has a special rule for applying this net worth limit to trusts. Section 7430(c)(4)(D)(i)(II) modifies the general rule and provides that the trust's net worth "shall be determined as of the last day of the taxable year involved in the proceeding". See Estate of Kunze v. Commissioner, T.C. Memo. 1999-344, slip op. at 10-11 (interpreting the special rule for applying the net worth limit found in section 7430(c)(4)(D)(i)(I) for estates and explaining that the "legislative history reveals that section 7430(c)(4)(D) was always intended to modify section 7430(c)(4)(A)(ii)"), aff'd, 233 F.3d 948 (7th Cir. 2000). Congress enacted this special rule to provide clear guidance on the net worth limits for trusts and estates.[2]

Petitioner argues without support that its net worth should be determined as of one of three possible dates: (1) the date the petition was filed, March 22, 2010; (2) the administrative proceeding date when the Commissioner issued the notice of

---

[2]Sec. 7430(c)(4)(D) was enacted as part of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, sec. 1453, 111 Stat. at 1055. H.R. Rept. No. 105-148 at 638-639 (1997), 1997-4 C.B. (Vol. 1) 319, 960-961, explained the reason for the addition of section 7430(c)(4)(D): "Although the net worth requirements are explicit for individuals, corporations, and partnerships, it is not clear which net worth requirement is to apply to other potential litigants. * * * The bill provides that the net worth limitations currently applicable to individuals also apply to estates and trusts."

liability, December 22, 2009; or (3) the last day of the taxable year when the Commissioner issued petitioner the notice of liability, December 31, 2009. Petitioner first argues that there was no taxable year involved in this proceeding and concludes that the valuation date should be March 22, 2010, the date it filed its petition. Petitioner explains that "[b]ecause there is no taxable year involved in this proceeding, the 'special rules' in §7430(c)(4)(D)(i)(II) do not apply, and the general rule of §7430(c)(4)(A)(ii) applies." Alternatively, petitioner's second and third related arguments posit that if there is in fact a taxable year involved, the only taxable year involved is 2009. Petitioner explains that 2009 is the taxable year because that was when the Commissioner asserted that petitioner was liable as a transferee and issued the notice of liability on December 22, 2009. Accordingly, petitioner argues either the notice date, December 22, 2009, or the last day of 2009 is the proper valuation date.

Each of these arguments fails because there is a taxable year involved in this proceeding, and it is 2003. The statute is clear, and it requires the net worth of the trust "shall be determined as of the last day of the taxable year involved in the proceeding".[3] Sec. 7430(c)(4)(D)(i)(II). The notice of liability and its

---

[3]One can easily posit a rationale for this rule. Oftentimes, a trust's assets can easily be depleted, thus enabling a trust to manipulate whether it meets the net

(continued...)

accompanying documents all identify December 31, 2003, as the end of the taxable year involved in the proceeding. The notice of liability is explicit that the liability is "for the taxable year ended December 31, 2003". The accompanying waiver of restrictions on assessment identifies the "Tax year ended" as December 31, 2003. The notice of liability statement states that it is for the "Tax Liability for the taxable year ended December 31, 2003". The statute requires that we look to the net worth of the trust as of the last day of the taxable year involved in the proceeding. And there is no support for the argument that there is no taxable year involved in the proceeding.

Petitioner concedes that its net worth as of the close of 2003, the taxable year involved in the proceeding, exceeded $2 million, the statutory limit to be eligible for fees and costs. Accordingly, it has not satisfied this requirement under section 7430. This basis alone is enough for us to deny petitioner's motion.

---

[3](...continued)
worth requirements by the time a notice is issued at the end of a protracted proceeding. By looking retrospectively to the taxable year involved in the proceeding, the statute limits or eliminates gamesmanship that might be used to fit within the net worth requirements. There is no evidence of any such gamesmanship in this case.

## Conclusion

Petitioner cannot recover its costs because it failed to establish that it met the applicable net worth requirement. Because petitioner is not entitled to relief for this reason alone, we do not address the parties' other arguments.

To reflect the foregoing,

<u>An appropriate order will be issued denying petitioner's motion, and decision will be entered for petitioner</u>.