**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BONNIE J. ANGLE, | No. 16-70939 |
| Petitioner-Appellant, | Tax Ct. No. 29418-11 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

| | |
|---|---|
| BONNIE J. ANGLE, | No. 16-70941 |
| Petitioner-Appellant, | Tax Ct. No. 435-12 L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 16, 2017[]
San Francisco, California

Before: HAWKINS and W. FLETCHER, Circuit Judges, and KRONSTADT,[***] District Judge.

Petitioner Bonnie J. Angle appeals the U.S. Tax Court's denial of reasonable litigation costs under 26 U.S.C. § 7430. We have jurisdiction under 26 U.S.C. §§ 7430(f), 7482(a)(1), and we affirm.

Litigation costs must be denied if Angle failed to establish that her net worth did not exceed $2,000,000 at the time her action was filed. 26 U.S.C. § 7430(c)(4)(A)(ii) (referencing 28 U.S.C. § 2412(d)(2)(B)). Angle filed for relief as an innocent spouse on December 23, 2011. *See* 26 U.S.C. § 6015.

The evidence shows that Angle's net worth exceeded $2,000,000 at the time of filing. Net worth is calculated according to generally accepted accounting principles, and assets are valued at their acquisition cost. *Am. Pac. Concrete Pipe Co., Inc. v. NLRB*, 788 F.2d 586, 590-91 (9th Cir. 1986); *United States v. 88.88 Acres of Land*, 907 F.2d 106, 107 (9th Cir. 1990). At the time of filing, Angle's assets included $3,508,009.47 owed to her on loans she had made to two

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John A. Kronstadt, United States District Judge for the Central District of California, sitting by designation.

corporations. Only by valuing these loans at $838,140 did Angle's accountant conclude that her net worth did not exceed $2,000,000. Angle argues that the remaining loan amount of $2,669,869.47 is worthless, but the evidence does not support this. Angle also argues that the Tax Court was bound to accept the conclusions of her accountant, but the accountant neither audited nor attempted to verify the documents he relied upon in reaching these conclusions.

We decline to address Angle's argument that she satisfied the "prevailing party" requirement because she has failed to meet the net worth requirement.

**AFFIRMED.**