# United States Tax Court

158 T.C. No. 3

GINA C. LEWIS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 12930-18.                           Filed March 3, 2022.

————

P and her former spouse filed joint federal income tax returns for 2008, 2009, and 2010. The IRS audited and proposed adjustments to those returns. In December 2016, P submitted a letter to the IRS that purported to be a qualified offer under I.R.C. § 7430(g). In it, P offered to concede 100% of the tax and penalties set forth in the IRS's proposed adjustment but reserved the right to claim relief from joint and several liability under I.R.C. § 6015. The IRS did not accept P's offer and later issued a notice of deficiency. In her petition P claimed relief from liability under I.R.C. § 6015. In his answer R indicated that he would consider P's entitlement to relief from liability under I.R.C. § 6015 once P provided R with relevant documentation, such as Form 8857, Request for Innocent Spouse Relief. P did not provide Form 8857 to R's counsel or to the IRS's Cincinnati Centralized Innocent Spouse Operations. After reaching a settlement with Intervenor, R conceded that P is entitled to relief from liability under I.R.C. § 6015(c) for the years in issue. Concurrently, R moved for entry of decision reflecting no liabilities for the years in issue after the application of I.R.C. § 6015(c). P objected to R's motion for entry of decision on the ground

that it was an attempt to prevent P's claim for litigation costs. P then moved for litigation costs under I.R.C. § 7430.

1. *Held*: I.R.C. § 6015 provides relief from joint and several liability, not just collection.

2. *Held, further*, a qualified offer must "specif[y] the offered amount of the taxpayer's liability," I.R.C. § 7430(g)(1)(B), and must be "an amount, the acceptance of which by the United States will fully resolve the taxpayer's liability, and only that liability . . . for the type or types of tax and the taxable year or years at issue in the proceeding," Treas. Reg. § 301.7430-7(c)(3).

3. *Held, further*, an offer that reserves the right to claim relief from liability for income tax under I.R.C. § 6015 is not a qualified offer because it does not specify the offered amount that, if accepted, would fully resolve the taxpayer's income tax liability under I.R.C. § 7430(g)(1)(B) and Treas. Reg. § 301.7430-7(c)(3).

4. *Held, further*, P's offer was not a qualified offer under I.R.C. § 7430(g)(1)(B) and Treas. Reg. § 301.7430-7(c)(3).

5. *Held, further*, P is not entitled to litigation costs under I.R.C. § 7430 because respondent's position was substantially justified.

————

*Steve Milgrom*, for petitioner.

*Vincent A. Gonzalez* and *Emma S. Warner*, for respondent.

OPINION

PUGH, *Judge*: This case is before the Court on petitioner's motion for reasonable litigation costs (motion for litigation costs) pursuant to

section 7430 and Rule 231.[1] We conclude that petitioner is not a "prevailing party" within the meaning of section 7430. We therefore will deny her request for litigation costs.

*Background*

The following facts are derived from the parties' pleadings and motion papers. These facts are stated solely for the purpose of ruling on petitioner's motion and not as findings of fact in this case. Petitioner resided in California when she filed her petition.

Petitioner and her former spouse, Tim S. Lewis, filed joint federal income tax returns for 2008, 2009, and 2010. The Internal Revenue Service (IRS) audited these returns and proposed adjustments and penalties for petitioner and Mr. Lewis.

On December 28, 2016, petitioner sent to the IRS a letter (December 2016 offer letter or offer) stating that she was making a qualified offer pursuant to section 7430(g). She offered the following terms:

> 1. To concede 100% of the tax and 100% of the penalties for the tax years 2008, 2009, and 2010, as set forth on the attached Form 4549-A dated February 12, 2013.
>
> 2. To agree to the immediate assessment of the increase in tax and penalties set forth on the attached Form 4549-A.
>
> 3. This is an offer of assessment, not payment, Mrs. Lewis reserves all collection rights that she may qualify for now or in the future, including without limitation, the right to relief under IRC §6015 (innocent spouse), §6159 (installment agreement), §7122 (offer in compromise), §6343 (release of levy), §7811 (taxpayer assistance order), §6502 (statute of limitations on collection), §6325 (release of lien), collection due process, collection appeals program, currently non-collectible status, bankruptcy, and any other current or future law that may serve to reduce the amount

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

or delay the payment of amounts assessed as a result of the acceptance of this qualified offer.

The IRS neither accepted nor rejected the qualified offer, and instead allowed it to lapse.

In the months before petitioner submitted her offer, the revenue agent's activity record reflects discussion of petitioner's entitlement to innocent spouse relief under section 6015. Petitioner did not provide any information to support a claim for innocent spouse relief or submit a Form 8857, Request for Innocent Spouse Relief, prior to or contemporaneously with the December 2016 offer letter.

On March 28, 2018, respondent issued a notice of deficiency to petitioner and Mr. Lewis, determining deficiencies and penalties for tax years 2008, 2009, and 2010.

On July 2, 2018, petitioner timely filed her petition, and in her timely amended petition she "elect[ed] the benefits" of section 6015(b) and (c). In his answer to her amended petition, respondent: "Admit[ed] [p]etitioner has requested innocent spouse relief in her petition per I.R.C. § 6015(b)&(c) and [r]espondent will review her request and make a determination regarding her eligibility for said relief." Mr. Lewis also challenged the notice of deficiency at docket No. 12785-18 and intervened in petitioner's case pursuant to Rule 325.

Throughout the proceeding, respondent requested that petitioner submit Form 8857 or provide other information supporting her claim for innocent spouse relief under section 6015. Petitioner never did. Nonetheless, respondent's counsel referred the case to the IRS Cincinnati Centralized Innocent Spouse Operations (CCISO), which requested the Form 8857 and supporting documentation from petitioner. She did not submit Form 8857 and supporting documentation to CCISO either. Eventually, after resolving the related case with Mr. Lewis, respondent concluded that petitioner was entitled to innocent spouse relief under section 6015(c).[2]

On December 28, 2020, respondent moved for entry of a decision that would grant petitioner full relief from joint and several liability under section 6015(c) for tax years 2008, 2009, and 2010; after application of section 6015(c), the deficiency and the penalty for each

---

[2] After stipulating to entry of decision in docket No. 12785-18, Mr. Lewis moved to withdraw as intervenor in this case and we granted his motion.

year are listed as "None." He also filed a notice of concession "that [p]etitioner is entitled to relief under section 6015(c) for tax years 2008, 2009, and 2010." Petitioner objected to the motion for entry of decision and the notice of concession, claiming that it was a "litigation tactic to avoid an award of fees and costs that [p]etitioner is entitled to."[3]

Petitioner eventually filed her motion for litigation costs after being ordered to do so by the Court. Respondent filed a response opposing petitioner's motion, and petitioner filed a reply.

*Discussion*

As relevant here, section 7430 provides for an award of reasonable litigation costs to a taxpayer in a proceeding brought by or against the United States involving the determination of any tax, interest, or penalty.[4] An award may be made where the taxpayer can demonstrate that she (1) is the "prevailing party," (2) has exhausted available administrative remedies within the IRS,[5] (3) has not unreasonably protracted the proceeding, and (4) has claimed "reasonable" costs. § 7430(a), (b)(1), (3), (c)(1); *Morrison v. Commissioner*, 565 F.3d 658, 661 (9th Cir. 2009), *rev'g on other grounds* T.C. Memo. 2006-103; *Alterman Tr. v. Commissioner*, 146 T.C. 226, 227 (2016). The taxpayer bears the burden of proving that these requirements are met. Rule 232(e). These requirements are conjunctive; failure to satisfy any one of them precludes an award of costs to the taxpayer. *See Alterman Tr.*, 146 T.C. at 227; *see also Minahan v. Commissioner*, 88 T.C. 492, 497 (1987). The decision to award fees is within the sound discretion of the Court. *See Morrison v. Commissioner*, 565 F.3d at 661 n.3 ("A decision by the Tax Court denying an award of attorneys' fees is reviewed for abuse of discretion." (citing *Huffman v. Commissioner*, 978 F.2d 1139, 1143 (9th Cir. 1992), *aff'g in part, rev'g in part, and remanding* T.C. Memo. 1991-144)).

---

[3] Petitioner refused to sign a stipulation of settled issues or decision document that stated that she is entitled to full relief from joint and several liability under section 6015(c) for 2008, 2009, and 2010, for similar reasons. At an impasse, respondent unilaterally filed his motion for entry of decision and notice of concession.

[4] Section 7430 also provides for an award of reasonable administrative costs incurred in connection with an administrative proceeding within the IRS. Petitioner has not requested such an award.

[5] This requirement applies only as to litigation costs. *See* § 7430(b)(1).

Respondent disputes that petitioner satisfies each of the four requirements outlined above. We begin with the first requirement—that petitioner demonstrate that she is the prevailing party—and, in the light of our resolution of that issue, we need not address the other three.

I.    *Prevailing Party*

To be the "prevailing party," a taxpayer must satisfy certain net-worth requirements, *see* § 7430(c)(4)(A)(ii), and must "substantially prevail[]" with respect to the amount in controversy or "the most significant issue or set of issues presented," *see* § 7430(c)(4)(A)(i). Respondent agrees that petitioner meets the net-worth requirements and substantially prevailed with respect to the amount in controversy and the most significant issue presented.

The taxpayer generally will not be treated as the prevailing party if the Commissioner establishes that "the position of the United States in the proceeding was substantially justified." § 7430(c)(4)(B)(i). The Commissioner bears the burden of making that showing. *Id*.; *see also* Taxpayer Bill of Rights 2, Pub. L. No. 104-168, § 701(b), 110 Stat. 1452, 1463 (1996) (adding current section 7430(c)(4)(B) to shift the burden of proving substantial justification from the taxpayer to the Government); *Pac. Fisheries Inc. v. United States*, 484 F.3d 1103, 1107 (9th Cir. 2007).

Even if the Commissioner's position is substantially justified, under section 7430(c)(4)(E)(i) the taxpayer shall be treated as the prevailing party if "the liability of the taxpayer pursuant to the judgment in the proceeding (determined without regard to interest) is equal to or less than the liability of the taxpayer which would have been so determined if the United States had accepted a qualified offer of the party under subsection (g)." *See Haas & Assocs. Accountancy Corp. v. Commissioner*, 117 T.C. 48, 59 (2001) (holding that the qualified offer provision of section 7430(c)(4)(E)(i) applies without regard to whether the Commissioner's position in the matter is substantially justified), *supplementing* T.C. Memo. 2000-183, *aff'd*, 55 F. App'x 476 (9th Cir. 2003). The qualified offer provision may not apply, however, where the "judgment [is] issued pursuant to a settlement."[6] § 7430(c)(4)(E)(ii)(I).

_____

[6] As we noted above, petitioner rejected respondent's proposed settlement and concession to avoid a conclusion that judgment in this case will be "issued pursuant to a settlement" under section 7430(c)(4)(E)(ii)(I). *See Trzeciak v. Commissioner*, T.C. Memo. 2012-83 (holding that the Commissioner's concession was a settlement and distinguishing *Estate of Lippitz v. Commissioner*, T.C. Memo. 2007-293, 2007 WL

Petitioner bears the burden of proving that she meets the qualified offer requirements. *See* Rule 232(e).

We first consider whether petitioner is the prevailing party under the qualified offer provision, and, after concluding that she is not, turn to whether respondent's position was substantially justified.

II.     *Qualified Offer Requirements*

A qualified offer is defined in section 7430(g)(1) as a written offer which:

> (A) is made by the taxpayer to the United States during the qualified offer period;
>
> (B) specifies the offered amount of the taxpayer's liability (determined without regard to interest);
>
> (C) is designated at the time it is made as a qualified offer for purposes of this section; and
>
> (D) remains open during the period beginning on the date it is made and ending on the earliest of the date the offer is rejected, the date the trial begins, or the 90th day after the date the offer is made.

Treasury Regulation § 301.7430-7(c)(3) provides further guidance on the requirement that the offer "specif[y] the offered amount of the taxpayer's liability":

---

2780496, in which the Court held that the Commissioner's concession was not a settlement because the taxpayer was forced to actively litigate the case prior to the concession).

This Court and the U.S. Court of Appeals for the Ninth Circuit, to which an appeal would lie absent stipulation to the contrary, *see* § 7482(b), have held that a concession is not a settlement when the Commissioner waited to concede until after the taxpayer "had effectively presented the case for disposition by the Court," *Knudsen v. Commissioner*, 793 F.3d 1030, 1035 (9th Cir. 2015) (quoting *Estate of Lippitz v. Commissioner*, 2007 WL 2780496, at *8)), *rev'g and remanding* T.C. Memo. 2013-87. In *Knudsen* and *Estate of Lippitz*, that effective presentation included filing Form 8857 and providing additional documentation to the IRS. Here, petitioner refused to provide such documentation. But respondent does not argue that petitioner did not make a qualified offer because respondent's unilateral concession constituted a settlement. We therefore assume arguendo that the case will not be decided pursuant to settlement.

[(1)] The offer may be a specific dollar amount of the total liability or a percentage of the adjustments at issue in the proceeding at the time the offer is made. [(2)] This amount must be with respect to all of the adjustments at issue in the administrative or court proceeding at the time the offer is made and only those adjustments. [(3)] The specified amount must be an amount, the acceptance of which by the United States will fully resolve the taxpayer's liability, and only that liability . . . for the type or types of tax and the taxable year or years at issue in the proceeding. . . .

Respondent argues that petitioner's offer was not a qualified offer because it did not specify an amount "the acceptance of which by the United States will fully resolve the taxpayer's liability."[7] *Id.* Respondent emphasizes that petitioner's offer "merely conced[ed] the assessment of a tax but reserve[d] the right to later challenge that assessed liability by raising section 6015 relief."

In reply petitioner argues that her "offer specifie[d] the amount of [her] liability" because she offered "100% of the tax and the penalties" for years 2008, 2009, and 2010, and because her "liability in this case, without regard to innocent spouse relief, is less than what her liability would have been had [r]espondent accepted the offer." Petitioner's rationale for determining liability "without regard to innocent spouse relief" is that her offer "was made almost 2 years before she made innocent spouse relief an issue by pleading it as an affirmative defense in this deficiency proceeding." That is, because petitioner raised her section 6015 claim after submitting her offer, "such relief from liability is to be ignored for the purpose of determining whether [p]etitioner is treated as a prevailing party under the qualified offer provision of I.R.C. § 7430(c)(4)(E)." *See* Treas. Reg. § 301.7430-7(b)(3) (discussing treatment of adjustments raised subsequent to last qualified offer when calculating liability pursuant to the judgment). Petitioner emphasizes that her offer "reserved all collection rights including innocent spouse relief" and that "[w]hen the offer was made, [she] did not know if she

_____

[7] Respondent also argues that petitioner's offer was not a qualified offer because she failed to provide respondent with "the substantiation and legal and factual arguments necessary to allow for informed consideration" of her claim for relief from joint and several liability under section 6015, *see* Treas. Reg. § 301.7430-7(c)(4), because she did not file Form 8857 or otherwise provide information about her entitlement to relief from joint and several liability under section 6015. In the light of our holding under section 7430(g)(1)(B) and Treasury Regulation § 301.7430-7(c)(3) we need not address this additional argument.

would ever submit a request for § 6015 relief" because "[h]er husband . . . was in a position to pay the deficiency, potentially obviating the need for [her] to claim § 6015 relief."

III.    *Petitioner's Offer*

Whether petitioner's offer is a qualified offer turns on whether reserving the right to claim relief under section 6015 relates to collection (as she tries to frame it) or to her underlying tax liability. That question is answered by the text of section 6015 itself.

Section 6015 provides relief from the general rule under section 6013(d)(3) that spouses filing joint federal income tax returns are jointly and severally liable for all taxes due. The operative provision in section 6015(b) provides that in certain circumstances, an individual "shall be relieved of liability for tax (including interest, penalties, and other amounts)"; likewise, section 6015(c) discusses treatment of an individual's "liability for any deficiency which is assessed with respect to the return." That is, section 6015 relieves a taxpayer from liability for tax, not just the collection of tax. Indeed, spousal defenses are listed separately from collection alternatives as a basis for challenging a proposed collection action under section 6330(d)(1). *See* §§ 6330(c)(2)(A)(i), (d), 6320(c). A taxpayer may also seek relief from joint and several liability on a joint return by raising the matter as an affirmative defense in a petition for redetermination invoking the Court's deficiency jurisdiction under section 6213(a) (as petitioner did here), *see Butler v. Commissioner*, 114 T.C. 276, 287–288 (2000), or by filing a so-called stand-alone petition challenging a notice of determination denying a claim of innocent spouse relief, *see* § 6015(e)(1)(A).

Petitioner's reply concedes that section 6015 provides relief from liability. She argues that we should calculate her liability pursuant to the decision to be entered in this case "without regard to innocent spouse relief" and ignore "such relief from liability" (thereby acknowledging that section 6015 would otherwise affect her liability), and states that her spouse's payment of the deficiency would have "obviated the need for [her] to claim § 6015 relief." She gives us no legal basis for ignoring her reservation of her right to claim such relief in the December 2016 offer letter. Rather, we must read her reservation as a caveat as to liability. Consequently, her offer flunks the requirement in section 7430(g)(1)(B) that the qualified offer "specif[y] the offered amount of the taxpayer's liability." An offer that reserves the right to claim relief under

section 6015 does not "specif[y] the offered amount of the taxpayer's liability" because the amount of liability offered depends on potential—and reserved—application of section 6015 and cannot be determined until availability of section 6015 relief is considered (or reservation of the right to claim it is withdrawn).

Applying the regulations to petitioner's offer illustrates the problem. Petitioner offered to concede "100% of the tax and 100% of the penalties" for years 2008, 2009, and 2010, subject to a reserved right to claim relief from joint and several liability under section 6015. Respondent's acceptance of that offer would not "fully resolve the taxpayer's liability, and only that liability . . . for the type or types of tax and the taxable year or years at issue in the proceeding"—that is, petitioner's federal income tax liabilities for 2008, 2009, and 2010—because her tax liabilities might be (and were) reduced to zero after consideration of her reserved right to claim relief from joint and several liability under section 6015(c). *See* Treas. Reg. § 301.7430-7(c)(3).

Petitioner argues that the "differences between the amount of an assessment pursuant to a qualified offer and the amount that a taxpayer actually pays as a result of adjustments that are not at issue when the offer was made, do not affect the validity of a qualified offer." She points to Treasury Regulation § 301.7430-7(e) (example 4), which discusses whether a taxpayer may reduce the amount the taxpayer will pay pursuant to a qualified offer after the offer is accepted by the Commissioner by applying net operating loss carryovers. Petitioner states that "[a] future innocent spouse claim is similar to the carryback of net operating losses." But unlike net operating loss carryovers not in issue when an offer is made and applied after a qualified offer is accepted to reduce payment for the years in issue, the right to relief from liability under section 6015 that petitioner reserved in her offer affects the amount of her liabilities—the assessed deficiencies—for the years in issue; it is not merely a carryover item applied later to reduce payment.

We therefore conclude that an offer that reserves the right to claim relief from joint and several liability under section 6015 is not a qualified offer because it fails "to specif[y] the offered amount of the taxpayer's liability" under section 7430(g)(1)(B), and would not fully resolve the taxpayer's liability. *See* Treas. Reg. § 301.7430-7(c)(3). Petitioner's offer reserved the right to claim relief from joint and several liability under section 6015, and therefore she did not make a qualified offer under section 7430(g).

IV.     *Substantial Justification*

Because petitioner did not submit a qualified offer, her request for litigation costs will fail if respondent's position was substantially justified.

The "position of the United States" in a Tax Court proceeding is that set forth in the Commissioner's answer. *See* § 7430(c)(7)(A); *Huffman v. Commissioner*, 978 F.2d at 1148; *Maggie Mgmt. Co. v. Commissioner*, 108 T.C. 430, 442 (1997). In his answer to petitioner's amended petition, respondent acknowledged that petitioner requested innocent spouse relief under section 6015 and stated that he "will review her request and make a determination regarding her eligibility for said relief."

A position is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person" or has a "reasonable basis both in law and fact." *Swanson v. Commissioner*, 106 T.C. 76, 86 (1996) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also Huffman v. Commissioner*, 978 F.2d at 1147. The determination of reasonableness is based on all the facts of the case and the available legal precedents. *Maggie Mgmt. Co.*, 108 T.C. at 443. A position has a reasonable basis in fact if there is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Underwood*, 487 U.S. at 565. A position has a reasonable basis in law if legal precedent substantially supports the Commissioner's position given the facts available to him. *Maggie Mgmt. Co.*, 108 T.C. at 443. Treasury Regulation § 301.7430-5(d)(1) provides:

> A significant factor in determining whether the position of the Internal Revenue Service is substantially justified as of a given date is whether, on or before that date, the taxpayer has presented all relevant information under the taxpayer's control and relevant legal arguments supporting the taxpayer's position to the appropriate Internal Revenue Service personnel. . . .

Respondent's position was substantially justified because petitioner did not "present[] all relevant information under [her] control," *id.*, and respondent's position had a reasonable basis both in law and fact. A reasonable person could require information such as Form 8857 or other documentation supporting petitioner's claim for innocent spouse relief before making a determination. *See, e.g.*, I.R.S.

Chief Counsel Notice CC-2013-011, 2013 WL 3148998 (June 7, 2013) (directing the Commissioner's counsel to seek a CCISO determination regarding relief under section 6015 in docketed cases with no prior CCISO review). The submission of Form 8857 or other supporting documentation to the Commissioner for CCISO review frequently has preceded evaluation of a claim for innocent spouse relief. *See, e.g., Knudsen v. Commissioner*, 793 F.3d at 1032; *Angle v. Commissioner*, T.C. Memo. 2015-92, at *3–4, *supplemented by* T.C. Memo. 2016-27, *aff'd*, 699 F. App'x 703 (9th Cir. 2017); *Estate of Lippitz v. Commissioner*, 2007 WL 2780496, at *2. And respondent ultimately conceded that relief was appropriate not on the basis of documentation petitioner submitted (there was none) but instead the settlement respondent reached with petitioner's former spouse.

V.     *Conclusion*

In sum, petitioner is not a prevailing party under section 7430(c)(4) because she did not bear her burden of proving that she made a qualified offer and respondent bore his burden of proving that his position was substantially justified. We therefore will deny her motion for litigation costs.

*An appropriate order and decision will be entered.*